The Eau Claire National Bank, Respondent, vs. Macauley, Assignee, imp., Appellant.

Hale, Respondent, vs. Same, Appellant.

Wickham, Respondent, vs. Same, Appellant.

Winterbotham, Respondent, vs. Same, Appellant.

*November 4 — November 22, 1898.*

*Constitutional law: Impairing contracts: Voluntary assignments.*

The statute providing that a levy upon the property of an insolvent debtor by virtue of any process in favor of a creditor, or a garnishment against such debtor, shall, if within ten days thereafter he makes a general assignment for the equal benefit of all his creditors, be dissolved and the property attached or levied upon be turned over to the assignee or receiver (sec. 3, ch. 334, Laws of 1897; Stats. 1898, sec. 1694a), impairs the obligation of contracts as to debts contracted prior to its enactment. *Second Ward Sav. Bank v. Schranck*, 97 Wis. 250; *Peninsular L. & C. Works v. Union O. & P. Co.* 100 Wis. 488, followed.

Appeals from orders of the circuit court for Dunn county: E. W. Helms, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *E. B. & R. E. Bundy*, and oral argument by *C. T. Bundy.* They contended, *inter alia*, that sec. 3, ch. 334, Laws of 1897, did not impair the obligation of contracts, since it injured nobody, but left to parties an adequate remedy. *Von Baumbach v. Bade*, 9 Wis. 559; *Starkweather v. Hawes*, 10 id. 125; *State ex rel. Soutter v. Common Council*, 15 id. 30; *State ex rel.*

The Eau Claire National Bank vs. Macauley.'

*Knox v. Hundhausen*, 23 id. 508, 24 id. 196; *Second Ward Sav. Bank v. Schranck*, 97 id. 250; *Tennessee v. Sneed*, 96 U. S. 69; *Barnitz v. Beverly*, 163 id. 118. An attachment is a remedy given by law and not by contract, and may be taken away by law. *Bigelow v. Pritchard*, 21 Pick. 169; *Kilbourn v. Lyman*, 6 Met. 299; *Ward v. Proctor*, 7 id. 318; *Grant v. Lyman*, 4 id. 470; *Wendell v. Lebon*, 30 Minn. 234; *Day v. Madden*, 9 Colo. App. 464; *Nat. Bank v. Riethmann*, 79 Fed. Rep. 582; Waples, Attachment (1st ed.), 24; 1 L. R. A. 358, note; *Freiberg v. Singer*, 90 Wis. 608.

For the respondents there were briefs by *Wickham & Farr*, and oral argument by *James Wickham*.

CASSODAY, C. J.    It appears from the record that November 4, 1897, the defendant T. A. Johnson made a voluntary assignment for the benefit of his creditors to the defendant *Robert Macauley*, who thereupon duly qualified as such assignee; that, within two days prior to the making of such assignment, the plaintiff (or plaintiffs) in each of the four above-entitled actions caused an attachment to be levied upon certain property of said Johnson so subsequently assigned.    The grounds for each of such attachments, as stated in the affidavit therefor, are to the effect that the above-named T. A. Johnson was indebted to the plaintiff (or plaintiffs) in a sum exceeding $50, to wit, naming the amount as near as might be, over and above all legal setoffs, and that the same was due, or to become due (as the case happened to be), upon an express contract; that the deponent had good reason to believe that the defendant, the said T. A. Johnson, had assigned, conveyed, disposed of, and concealed, and was about to assign, convey, dispose of, and conceal, his property with intent to defraud his creditors; that the deponent had good reason to believe that the defendant T. A. Johnson was about to remove his property out of this state with intent to defraud his creditors.    Thereupon, and upon affidavits and

records showing such assignment, the assignor and assignee moved the circuit judge, at his chambers, in each of said causes, to dissolve such attachment, and for an order directing the property so attached to be delivered to the assignee, but which motion was by said circuit judge, in each of such cases, denied, December 6, 1897. Thereupon the assignor and assignee moved the circuit court, in each of such causes, to set aside such order of the circuit judge at chambers, and to dissolve such attachment, and order the goods attached to be turned over to the assignee. Upon the hearing of such last-named motion, in each of said causes, the circuit court, by written order, denied the same. From each of such orders of the circuit court, so made in the respective causes, the assignee has brought his appeal to this court.

The regularity of the several attachments is not questioned. Some of the claims were not due when the suit was commenced, but, under the statute, the ground stated for the attachment authorized the same. Sec. 2731, R. S. 1878. The motion to dissolve the attachment in each cause is based wholly upon the recent statute, which declares that "whenever the property of an insolvent debtor is attached or levied upon by virtue of any process in favor of a creditor, or a garnishment is made against such a debtor, he may, within ten days thereafter, make an assignment of all his property and estate not exempt, for the equal benefit of all his creditors, whereupon all such attachments, levies, garnishments, or other process shall be dissolved and the property attached or levied upon shall be turned over to such assignee or receiver." Laws of 1897, ch. 334, sec. 3; Stats. 1898, sec. 1694a. In obedience to the prior rulings of this court, the trial court held that such statute, declaring that such attachment, made within ten days prior to such assignment, should be dissolved, operated to impair the obligations of the contract upon which the suit was brought, and which was executed several months prior to that enactment.

Remington vs. The Detroit Dental Mfg. Co.

We are all agreed that the case comes squarely within the rulings of this court and the reasoning of Mr. Justice PINNEY in *Second Ward Sav. Bank v. Schranck,* 97 Wis. 250, and of Mr. Justice MARSHALL in *Peninsular L. & C. Works v. Union O. & P. Co.* 100 Wis. 488. My own views are sufficiently expressed in the dissenting opinions in those cases.

*By the Court.*— Each of the four orders of the circuit court appealed from is affirmed.