### WILSON et al. v. BROCHON.

#### (Circuit Court, W. D. Wisconsin. May 31, 1899.)

CONSTITUTIONAL LAW—STATUTE IMPAIRING OBLIGATION OF CONTRACTS — WISCONSIN INSOLVENCY LAW.

> The provision of the Wisconsin insolvency law (Laws 1897, c. 334, § 3) which dissolves an attachment or levy on the property of an insolvent debtor on his making a general assignment within 10 days thereafter is unconstitutional and void as to all debts incurred previous to its taking effect, as taking away the remedy for their collection, although such debts were included in a note executed by the debtor subsequent to the taking effect of the act.

On exceptions to amended answer of plaintiffs to defendant's petition for release of levy under the provisions of the Wisconsin insolvency law.

D. K. Tenney, for plaintiffs.

H. H. Grace and Ross, Dwyer & Hanitch, for defendant.

BUNN, District Judge. The amended answer of Wilson Bros. to the defendant's petition presents a very interesting question. The plaintiffs are merchants doing business at Chicago. The defendant was a retail dealer in gentlemen's furnishing goods at West Superior, Wis. Plaintiffs had, prior to August, 1897, sold defendant from time to time bills of merchandise on time. On the 27th day of August, 1897, defendant executed to the plaintiffs a judgment note for the sum of $2,157.83. This note was given for goods sold from time to time prior to the execution thereof. On December 31st following, judgment was rendered upon said note in this court in favor of the

plaintiff for the sum of $2,327.42, and execution issued against the defendant, and his stock of goods seized. After the seizure of the defendant's goods under the execution, the defendant, on the 11th day of January, 1898, made an assignment for the benefit of his creditors to one D. S. Culver under the state insolvent laws of Wisconsin, and soon thereafter applied to this court by petition for an order to stay the sale upon execution, and to require the marshal in whose custody the goods were held under the execution to turn them over to the assignee under the state assignment law. One answer which the plaintiffs now make to this proposition is that a portion of the goods sold to defendant, the price of which was included in the judgment, were sold by them to the defendant before the passage of that provision of the state law which made previous levies under attachments and execution void upon an assignment for the benefit of creditors under the state law,—that is to say, prior to April 30, 1897; that the amount included in the judgment note so sold prior to the passage of that law was $1,667.49. This plea, with the exception in the nature of a demurrer to the same, presents the question whether the statute of Wisconsin referred to, approved April 24, and published April 30, 1897, is valid and constitutional as to such portion of the plaintiffs' claim as was for goods sold prior to the going into effect of the law. Section 3 of the act (Laws 1897, p. 742, c. 334) reads as follows:

"Whenever the property of an insolvent debtor is attached or levied upon by virtue of any process in favor of a creditor, or a garnishment made against such debtor, such debtor may, within ten days thereafter, make an assignment of all his property and estate not exempt by law, for the equal benefit of all his creditors as provided by law, whereupon all such attachments, levies, garnishments, or other process shall be dissolved and the property attached or levied upon shall be turned over to such assignee or receiver."

This law, upon three different occasions, has been held void and inoperative as to all debts incurred previous to its passage and publication, as taking away the remedy for their collection. See Bank v. Schranck, 97 Wis. 250, 73 N. W. 31; Peninsular Lead & Color Works v. Union Oil & Paint Co., 100 Wis. 488, 76 N. W. 359; Bank v. Macauley, 101 Wis. 304, 77 N. W. 176. These cases would be conclusive of the one at bar if the note on which the judgment had been rendered had been made prior to the passage of the law. But it is contended by the defendant that the contracts for sales made prior to the passage of the law were merged in the note, and that the law taking effect before the note was executed is constitutional and valid. No authority is cited, except cases relating to merger of contracts, which do not seem to the court to be applicable; and the best judgment the court can form is that the law is unconstitutional and void within the above cases, as taking away the remedy as to all the sales made prior to April 30, 1897, the day of publication, when the law went into effect. Although the note was executed after the law took effect, a greater part of the sales constituting the consideration dated back to a time prior to April 30th, and as to these sales the law would be inoperative and void. I think the execution was properly issued, and the levy gave the possession and

right of possession to the goods to this court for the purpose of satisfying the said amount of $1,667.49, with interest and costs. But, under the pleadings as they now stand, I think, after the satisfaction of this amount, any balance of proceeds arising from the sale of the goods should be turned over to the assignee under the state law. But, as the parties have a stipulation for further pleading upon the decision of the court upon the exceptions to the answer, leave will be given for further proceedings according to the terms of stipulation on file. The other exceptions to the answer have been considered and sustained upon a former hearing.