BEKKEDAL, Receiver, Respondent, vs. JOHNSON, Appellant.

*February 28—March 20, 1906.*

*Chattel mortgages: Foreclosure: Regulation: Statutes: Pleading: Demurrer: Defenses: Receivers: Property* in custodia legis: *Report of sale: Retroactive laws: Constitutional law.*

1. Under sec. 2316a, Stats. 1898 (providing that property taken under a chattel mortgage shall not be sold within five days after the taking without the mortgagor's consent; that any person aggrieved by a violation thereof may recover of the violator actual damages and $25 in addition as liquidated damages; and that in case of any such property being sold at private sale without public notice, or sold within the five-day period without the mortgagee's consent, the mortgage indebtedness shall be deemed paid and the mortgage canceled), an answer in an action on a promissory note secured by a chattel mortgage, alleging a sale of the mortgaged property without public notice, states a good defense.

2. While sec. 2316a, Stats. 1898, does not prohibit a sale without public notice, and while it is competent for the mortgagor to waive the statutory privilege of such notice, where the pleading alleging the invalidity of the sale for lack of such notice does not show any such waiver, none can be presumed to support a demurrer thereto.

3. Under sec. 2316a, Stats. 1898, the clause as to selling without notice is not limited to sales within the five-day period, but applies also to sales "at private sale without public notice."

4. Courts, as well as individuals, in the mere administration of contract obligations in a representative capacity are bound by the law in respect thereto the same as the original possessor of the property affected thereby, and hence the fact that chattel-mortgaged property was *in custodia legis* at the time of making a sale without the public notice required by sec. 2316a, Stats. 1898, does not relieve the sale of the consequences imposed by that section.

5. Ch. 122, Laws of 1903 (requiring the filing of a report of a sale of chattel-mortgaged property), is not a mere remedial statute, but it is designed that its features shall be regarded as incorporated into future mortgage contracts.

6. Ch. 122, Laws of 1903, does not apply to mortgages in force before it took effect, otherwise it would fall within the prohibition against legislation impairing the obligation of contracts.

7. Under sec. 2316a, Stats. 1898, the clause as to liquidated damages relates to the five-day period only, and does not cover sales made without public notice more than five days after the taking possession of the mortgaged property.

APPEAL from a judgment of the circuit court for Vernon county: J. J. FRUIT, Circuit Judge. *Reversed.*

The complaint was in form to recover on a promissory note held by a receiver of a private bank.

Defendant, for a first defense, pleaded that a chattel mortgage, given to secure the note, came therewith to the possession of the receiver; that thereunder he took the property described therein January 1, 1903, and in April, 1904, sold the same without public notice, whereby, under sec. 2316a, Stats. 1898, both the note and mortgage became extinguished.

For a further defense the same facts were pleaded and others in addition to the effect that plaintiff, who conducted the sale, failed to file in the clerk's office, where the mortgage was filed, an affidavit setting forth the date of sale, description of the property sold, sum claimed to be due on the debt secured by the mortgage, amount realized by the sale, a statement in detail of the expenses of sale, including the cost of taking and keeping the property pending the sale, and attaching thereto a copy of any notice of sale given, whereby, under ch. 122, Laws of 1903, the note and mortgage became extinguished.

For a counterclaim the same facts were pleaded with a conclusion that by reason thereof, under the statute, there accrued to defendant a claim for $25 as liquidated damages.

Plaintiff demurred generally to the answer, for insuffi-

ciency, and to the counterclaim on the same ground, and the demurrer was sustained.

The cause was submitted on the brief of *C. J. Smith* for the appellant, and on that of *C. W. Graves* for the respondent.

Marshall, J. Sec. 2316a, Stats. 1898, provides that property taken under a chattel mortgage shall not be sold within five days after the taking without the mortgagor's consent; that any person aggrieved by a violation thereof may recover of the violator actual damages and $25 in addition as liquidated damages, and that in case of any such property being sold at private sale without public notice, or sold within the five-day period without the mortgagor's consent, the mortgage indebtedness shall be deemed paid and the mortgage canceled. It will thus be seen that the answer contained a good defense, in that it alleged a sale of mortgaged property without public notice. True, as counsel for respondent contends, the statute does not prohibit such a sale: therefore, a sale of that character may be made without affecting the indebtedness not paid by the proceeds, if the mortgage provides, in terms, for a sale with or without notice. *Vreeland v. Waddell,* 93 Wis. 107, 67 N. W. 51. That is because it is competent for the mortgagor, in the mortgage, to waive the statutory privilege; which is regarded as done by including in the mortgage, expressly, power to sell *with or without notice.* The difficulty with respondent's position is that the pleadings do not show any such waiver. None can be presumed in favor of the demurrer. As the answer stands it satisfies every essential of a defense to the plaintiff's cause of action under the statute, unless other points made by counsel for respondent are controlling.

It is said that the clause as to selling without notice only applies to sales within the five-day period. It plainly indicates otherwise. There was no reason for regulating sales absolutely prohibited. So it was said, in case of any sale "at

private sale without public notice" or sale "within the period herein limited," etc., the mortgage indebtedness and the mortgage shall be deemed extinguished. The latter clause relates unmistakably to the prohibitive clause and the former to occurrences after the five-day period.

The further point is made that since the property at the time of the sale was *in custodia legis* the court would not be bound by the statute as to the manner of making sale thereof, and therefore its receiver was not. The authorities to which counsel refers us on that do not support the proposition. On principle, a court, superseding a person as to his contract rights, takes the same with their incidents. The court, as well as individuals, in the mere administration of contract obligations in a representative capacity, is bound by the law in respect thereto the same as was the original possessor. That is well illustrated by the holding that the appointment of a receiver does not affect the running of the statute of limitations as to matters devolving upon him by the appointment. *Fincke v. Funke,* 25 Hun, 616; *Whitley v. Lowe,* 2 De G. & J. 704.

The defense under ch. 122, Laws of 1903, must fail because the law was not in force when the mortgage was given. It is not a mere remedial statute. It was designed that its features should be regarded as incorporated into mortgage contracts. If it was read as having a retroactive effect, applying to mortgages antedating its enactment, it would fall within the prohibition against legislation impairing the obligation of contracts. *Eau Claire Nat. Bank v. Macauley,* 101 Wis. 304, 77 N. W. 176; *Peninsular L. & C. Works v. Union O. & P. Co.* 100 Wis. 488, 76 N. W. 359.

What has been said sustains the demurrer to the counterclaim, as regards the law of 1903. There is no clear indication whether the pleader had that in mind or sec. 2316a of the Statutes. Possibly either was regarded as sufficient. The clause as to liquidated damages in the statute relates to the

five-day period only, not to the clause as to sale after the expiration thereof.

The result is that the demurrer to the counterclaim was properly sustained, but the answer otherwise contained a good defense under sec. 2316a, and therefore the general demurrer to the answer should have been overruled.

*By the Court.*—The order appealed from, so far as it sustains the general demurrer to the answer for insufficiency, is reversed, and the cause is remanded with directions to overrule such general demurrer and to proceed further according to law.