HAMMEL, Respondent, vs. CAIRNES and another, Appellants.

*May 10—June 21, 1906.*

*Chattel mortgages: Affidavit required after sale: Statutes: Construc-*
*tion: Forfeiture: Taking "under and by virtue of mortgage."*

1. Ch. 122, Laws of 1903 (providing that whenever any property
   covered by a chattel mortgage shall be taken and sold under
   and by virtue of such mortgage pursuant to the power of sale
   contained therein an affidavit stating certain facts shall be
   filed within ten days after the sale, and that in case of failure
   to file such affidavit the debt secured by such mortgage shall be
   deemed fully satisfied and the mortgage canceled), affects not
   the remedy merely, but the right, and hence does not apply to
   mortgages antedating its enactment.
2. Such statute, being highly penal, should be strictly construed to·
   avoid a forfeiture.
3. Voluntary surrender of the mortgaged property by the mortgagor
   to the mortgagee, and sale pursuant thereto, are not such a tak-
   ing and sale as the statute means, and failure to file the affidavit
   thereafter does not work a forfeiture. The statute refers to a
   hostile taking.

APPEAL from a judgment of the circuit court for Oneida
county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

This action was brought to foreclose two real-estate mort-
gages given by defendants to plaintiff, one to secure an in-
debtedness of $900 according to the terms of four promis-
sory notes specified in the first cause of action, and the other
to secure an indebtedness of $276 according to the terms of
several promissory notes as specified in the second cause of
action. The defendant *James Cairnes* answered admitting
the execution of the notes and mortgages referred to, and al-
leged payment in full, and further answered that the notes
and mortgages set forth in the first cause of action were
given to secure the purchase price of a stallion purchased by
defendant from plaintiff, and that there was given in addition
thereto to plaintiff by defendant, as further security, a chat-
tel mortgage on said stallion; that there was also given a chat-

tel mortgage on one gray horse as additional security for the note specified in the second cause of action; that the plaintiff seized and sold said property covered by said chattel mortgages by virtue thereof, and entirely failed to comply with the provisions of ch. 122, Laws of 1903, and thereby the indebtedness became fully satisfied. Except as admitted, the answer denied generally the allegations of the complaint. The case was tried by the court, and the court found in favor of plaintiff. Judgment was rendered accordingly, from which this appeal is taken.

The cause was submitted for the appellants on the brief of *A. W. Shelton,* and for the respondent on that of *Sam S. Miller.*

KERWIN, J.    There is no bill of exceptions; therefore we can only consider whether the pleadings and findings support the judgment. The execution of the notes and mortgages referred to in the complaint is undisputed, and the court found that in the month of May, 1904, after a portion of the indebtedness secured by the mortgages became due, the defendant *James Cairnes* went to the plaintiff's agent and told him that he could not meet the payments, and voluntarily delivered to said agent the property covered by the chattel mortgages; that thereupon the plaintiff, by his agent, gave five days' notice of sale and on May 21, 1904, sold the property at public vendue, and indorsed the amount received therefor, $170, on the notes, which was the only amount ever paid on such indebtedness; that on the 31st day of May, 1904, the agent of plaintiff, who made the sale, executed an affidavit in accordance with ch. 122, Laws of 1903, and immediately delivered the same to a neighbor of the town clerk to be filed in accordance with said chapter. The court found as conclusions of law that there was due upon the notes set up in the complaint the sum of $493.29, besides $30 reasonable solicitor's fees, and that there was to fall due on said notes the sum of $576; that ch. 122, Laws of 1903,

was not passed and not in force until after the making of the notes and mortgages set forth in the first cause of action, and cannot be considered or applied to affect said notes and mortgage; that the plaintiff attempted in good faith to comply with the provisions of ch. 122 in regard to the sale of the property covered by the chattel mortgages, and that defendants were not damaged or injured in any manner by reason of the affidavit not being filed within the time required by said chapter; that the real-estate security of the plaintiff is in no wise affected by the provisions of ch. 122, Laws of 1903; that the plaintiff is entitled to judgment for the amount due on the notes, and to foreclosure of the real-estate mortgages and sale of the property covered thereby.

The only question involved upon this appeal is whether the failure of the plaintiff to file the affidavit as required by ch. 122, Laws of 1903, forfeited the debt. The $900 note and mortgage were executed before the passage of the law in question, hence are not affected by it. Ch. 122, Laws of 1903, does not affect the remedy merely, but the right; therefore cannot apply to mortgages antedating its enactment. *Eau Claire Nat. Bank v. Macauley*, 101 Wis. 304, 77 N. W. 176; *Peninsular L. & C. Works v. Union O. & P. Co.* 100 Wis. 488, 76 N. W. 359; *Bekkedal v. Johnson*, 127 Wis. 624, 107 N. W. 5. The question, therefore, arises whether the failure to file the affidavit within ten days forfeited the debt evidenced by the note set forth in the second cause of action. The statute under consideration is not only highly penal, but drastic in its character. It provides that whenever any property covered by a chattel mortgage shall be taken and sold under and by virtue of such mortgage, pursuant to the power of sale contained therein, the owner shall, within ten days after the sale, make and file an affidavit as required by such statute; and further provides:

"Any person violating the provisions of this act shall be liable to the person personally liable for the indebtedness, in which case such person shall be entitled to recover in ad-

dition to his actual damages the sum of twenty-five dollars liquidated damages. In case of the failure of the owner of any such mortgage, or his agent conducting such sale, to comply with the provisions of this act within the time herein limited, the debt secured by such mortgage shall be deemed fully satisfied and the mortgage canceled."

It is well settled that such statutes should receive strict construction in order to avoid forfeiture, if such can be done without doing violence to the language of the statute. *Cohn v. Neeves,* 40 Wis. 393; *Wright v. E. E. Bolles W. W. Co.* 50 Wis. 167, 6 N. W. 508; *Schumacher v. Falter,* 113 Wis. 563, 89 N. W. 485; *Johnson v. Huber,* 117 Wis. 58, 93 N. W. 826. In *Wright v. E. E. Bolles W. W. Co.* 50 Wis. 167, 170, 6 N. W. 510, this court said:

"The statute is in the nature of a penal one. Its application to this case would increase the damages tenfold. It is confined in its operation to a single class of trespassers, and establishes a rule of damages therefor which may, and often does, give the injured party much more than actual compensation for the injury he has suffered, and much more than he could recover for a trespass upon other property, equally injurious to him and committed under the same circumstances. By all sound rules of construction such a statute should be interpreted with reasonable strictness, and its penalties should be inflicted only in cases clearly within it."

Penal statutes have been construed contrary to the letter where the legislative intent is manifestly against the letter, on the ground that general terms in a statute should be so limited in their application as not to lead to injustice or oppression. *U. S. v. Kirby,* 7 Wall. 482. Viewed in the light of the well-established rule to be applied to penal statutes, we are satisfied that the findings in this case do not warrant the conclusion that the respondent's claim against the appellants was forfeited by failure to comply with ch. 122, Laws of 1903. The forfeiture by the terms of the statute is occasioned when the property "shall be taken and sold under and by virtue of such mortgage pursuant to the

power of sale contained therein." The court below found that the appellants voluntarily delivered to the respondent's agent the property covered by the chattel mortgage.

Under the language of this penal statute we think that the voluntary surrender of the property by the appellants and acceptance by respondent was not a taking within the meaning of the statute. It seems quite clear that the taking contemplated by this statute is a taking *in invitum* under and by virtue of the power to take and reduce to possession as given in the mortgage. The taking and sale under the mortgage within this statute means a hostile taking by virtue of the right to dispossess the mortgagor of his possession and property under the power given in the mortgage. The statute, we think, is capable of this construction without doing violence to its language, and in view of its highly penal character it should receive such construction. We cannot think that the legislature intended so drastic a remedy should be enforced under the circumstances established by the record in this case. The findings of the court below support the conclusion that there was no forfeiture, and therefore the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.