SCHOENMANN and another, Appellants, vs. HOOD, Respondent.

*February 3—February 21, 1911.* ·

*Judgment: Opening default: Discretion: Chattel mortgages: Sale: Failure to file affidavit: Extinguishment of debt.*

It was not an abuse of discretion to vacate a judgment on cognovit upon notes secured by chattel mortgage and permit the defendant to interpose a defense to the effect that the debt had been extinguished by voluntary acts of plaintiffs in failing to comply with sec. 2316c, Stats. (Laws of 1903, ch. 122), especially where defendant was merely a surety. Permission to interpose that defense should not be refused in such a case on the ground that the rights conferred by the statute operate inequitably.

APPEAL from an order of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The record shows the following facts in this case: On September 30, 1905, the defendant's son purchased an engine from the plaintiffs, giving in payment therefor six promissory judgment notes, each for the sum of $237.50. To secure payment of these notes he gave a chattel mortgage upon the engine, which was duly recorded. The defendant signed the notes as surety. Shortly thereafter the son of the defendant died. On September 28, 1907, the plaintiffs credited $718.83 on the notes as the net proceeds of the sale of the engine, of which they had taken possession. No affidavit or papers, as required by sec. 2316c, Stats. (Laws of 1903, ch. 122), were filed with the town clerk. On June 3, 1909, the plaintiffs took judgment on cognovit against the defendant, the action being based on these judgment notes. As soon as possible after learning of the judgment the defendant made application to the circuit court to have the judgment opened and to be allowed to defend. The petition asking the court to open the judgment set forth the proposed answer to the complaint, in which the defendant alleges that the

failure of the plaintiffs to comply with sec. 2316c, Stats., had extinguished the indebtedness evidenced by the promissory notes and rendered them void and of no effect. The defendant asked that the judgment be opened and that she be allowed to make her defense.

This is an appeal from the order of the court opening the judgment on condition that the motion fees and disbursements be paid and that any liens existing by virtue of the judgment remain in full force and effect to await the final judgment in the case.

*Thos. W. King,* for the appellants.

For the respondent there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

SIEBECKER, J. The application to open this judgment is one which calls for the exercise of a sound discretion of the court upon the facts alleged by the petitioner. It is alleged that the petitioner in this case is a surety on the notes upon which the judgment was awarded and which was opened by the order of the court. The facts alleged set up a defense under sec. 2316c, Stats. (Supp. 1906: Laws of 1903, ch. 122), and if established show that under the provisions of this statute the debt has been extinguished by the voluntary conduct of the plaintiffs. The facts alleged are sufficient to constitute a defense under this statute and they are sufficient to show a probability that the petitioner presents a legal defense to the notes, which, if established, will relieve her from all liability thereon. The facts and circumstances alleged show that she has not forfeited any right to defend upon the grounds alleged.

The question then arises, Is the defense, as appellants contend, one she should not be permitted to interpose? To say that the alleged defense is inequitable is to say that the rights conferred by the legislative enactment, as embodied in sec. 2316c, Stats., operate inequitably and should not be avail-

able to a party in an equitable proceeding. We cannot so regard the statute, and believe the courts must declare and enforce it as it stands and award to all persons within its purview the opportunity to enforce whatever rights they may have acquired under it.

A very good reason for opening the judgment to let in the defense under this statute is that it rests on the voluntary acts of the plaintiffs in omitting to comply with the statute and thereby extinguishing a debt which would have subsisted had they complied with the law.

It is also alleged that the petitioner is a surety, and as such she is entitled to stand strictly on the rights the law affords her.

We find the action of the trial court to be free from any abuse of judicial discretion.

*By the Court.*—The order appealed from is affirmed.