EMERSON-BRANTINGHAM IMPLEMENT COMPANY, Appellant, vs. PAUL, Respondent.

*May 25—June 13, 1916.*

*Chattel mortgages: Affidavit after sale: Requirements: Penalty.*

Under sec. 2316c, Stats. 1915,—providing that whenever property covered by a chattel mortgage shall be taken and sold thereunder, the owner of the mortgage shall, within ten days after the sale, file an affidavit setting forth, among other things, "a statement in detail of the expenses of such sale, including the cost of taking and keeping the property pending the sale," and that "a copy of the notice of sale if any shall be attached to said affidavit,"—the requirements as to a *detailed* statement of expenses and as to the copy of the notice are both important, and a failure to comply therewith operates to satisfy the debt and cancel the mortgage.

APPEAL from a judgment of the circuit court for Green Lake county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is an action to recover the balance due on certain notes given for the purchase price of a traction engine. The defendant is not the maker of the notes, but it is alleged that he promised in writing to pay them.

The defendant's son purchased a traction engine from the plaintiff for the sum of $2,190 in September, 1912. He

turned in an old engine and made some payments in cash, in all amounting to the sum of $595. He gave notes for the balance of the purchase price. The plaintiff claims that the father, the defendant here, had agreed to sign the notes with the son at the time of the sale of the engine, but refused to so sign when the plaintiff offered to deliver the engine at the farm of defendant. It also appears that plaintiff's agent then threatened to take the engine back to the factory. After further negotiations the defendant signed the following writing:

"I will not sign the notes for my boy, John F. Paul, for engine No. 6896, but I will help him and will see that he pays the notes when due, and will pay the notes if he don't."

Delivery of the engine was therefore made to the son, who used it for one threshing season. He defaulted in making payment of the note first due. In September, 1913, the plaintiff company took the engine under a chattel mortgage it held on the property to secure the payment of the balance of the purchase price. The engine was sold after seizure and was bid in by the plaintiff for the sum of $850. The mortgage provided that at any sale the mortgagee, its successors or assigns might become the purchaser of said property. Within ten days after the sale of the engine F. W. Morgan, acting as agent for the plaintiff to sell the engine, filed with the proper officer an affidavit of the chattel mortgage sale and a statement of the expenses of the sale as follows: "Posting notice of sale, livery, and expenses, $10. Expenses of taking and keeping property pending sale, $24. Total expense, $34,"—but did not attach a copy of the notice of sale. The proceeds of the sale, after deducting the expense thereof, were applied on the notes, and this action was brought to recover the amount still remaining unpaid on the notes.

At the close of the plaintiff's testimony the court awarded a nonsuit upon the ground that plaintiff failed to file a proper affidavit with notice of sale attached of the chattel

mortgage sale, and entered judgment dismissing the complaint and for the costs and disbursements of the action. From such judgment this appeal is taken.

For the appellant there was a brief by *E. W. Phelps* and *L. E. Lurvey,* and oral argument by *Mr. Lurvey.*

For the respondent there was a brief by *Lehner & Lehner,* and oral argument by *Philip Lehner.*

SIEBECKER, J. By sec. 2316c, Stats. 1915, it is provided that whenever the owner of a chattel mortgage shall take and sell the chattels covered by the mortgage he shall within ten days after the sale "make and file an affidavit setting forth," among other things, "a statement in detail of the expenses of such sale including the cost of taking and keeping the property pending the sale. A copy of the notice of sale if any shall be attached to said affidavit and be deemed a part thereof." This court, in *Hammel v. Cairnes,* 129 Wis. 125, 107 N. W. 1089, declared: "The statute under consideration is not only highly penal, but drastic in its character;" and "It is well settled that such statutes should receive strict construction in order to avoid forfeiture, if such can be done without doing violence to the language of the statute." In *Schoenmann v. Hood,* 145 Wis. 241, 130 N. W. 101, the court states that the legislative object cannot be ignored and "the courts must . . . enforce it as it stands and award to all persons within its purview . . . whatever rights they may have acquired under it." The affidavit herein filed contains this: "Posting notice of sale, livery, and expenses, $10. Expenses of taking and keeping property pending sale, $24. Total expense, $34." There is no detail specification of the items of either charge, though it is admitted by the affiant that each amount includes different items disbursed by the agent of the plaintiff. Concededly there is no copy of the notice of sale attached to the affidavit. The claim that these defaults in complying with the statute are

unimportant and did not prejudice the defendant in any way is not well founded.    These requirements are equally as important as any other to meet the calls of the statute.    The trial court very properly held: "The itemization of expenses would seem to be as fruitful of good and as much likely to prevent oppression and injustice as any other requirement, and no doubt the purpose of the statute was to prevent oppression and overreaching by requiring fullest publicity." The filing of a copy of a notice of sale is very useful to show that the sale was properly advertised to attract prospective bidders.    We are left wholly without information what' the notice contained both as to form and substance.    It is not known whether it was a notice which apprised the public of the nature of the property or of the conditions of the sale. The plaintiff was clearly in default in these respects and thus deprived the mortgagor of the benefits of the provision of the statute.    It is considered that the circuit court properly ruled that the failure of the mortgagee to comply with this statute operated to satisfy the debt and cancel the mortgage.

*By the Court.*—The judgment appealed from is affirmed.