AMERICAN HARDWARE COMPANY, Appellant, vs. MOORE
and others, Respondents.

*April 12—May 9, 1922.*

*Chattel mortgages: Seizure by mortgagee: Consent of mortgagor:
Penalty for not filing reports.*

1. In an action involving the right of a mortgagor of chattels to
   the penalty prescribed by sec. 2316c, Stats., for failure of a
   mortgagee who takes and sells property covered by a chattel
   mortgage and does not file an affidavit setting forth certain
   facts concerning the sale designated by the statute, testimony
   that the mortgagor made no objection to the removal of the
   property by the mortgagee and pointed out the location there-
   of is *held* not to show the mortgagor's consent to the taking.
2. The rule that the statute, being penal, does not apply in cases
   where the property is taken with the consent of the mort-
   gagor, is not extended to cover the situation in this case.

APPEAL from a judgment of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Classon & Whit-
comb* of Oconto, and oral argument by *A. J. Whitcomb.*

*John B. Chase* of Oconto, for the respondents.

JONES, J.   The action is to foreclose a mortgage.   The
complaint alleged that defendants *I. A. Moore* and *Mary
Moore* executed a promissory note in the sum of $1,200,
with interest at seven per cent. payable to the plaintiff cor-
poration; that to secure such indebtedness they gave a mort-
gage upon their farm; that they failed to comply with the
terms of the note; and that there was due and owing on
the mortgage the sum of $696.70.

Defendants admitted the making of the note, but denied
that there was any amount due or owing.   By way of coun-
terclaim they alleged that the note in question was also se-
cured by a chattel mortgage of even date which was duly
recorded; that on the 20th day of August, 1920, plaintiff,
by virtue of the chattel mortgage, seized the property and

sold the same to itself on the 28th day of August; that plaintiff failed and neglected to make and file in the office of the town clerk a report of the sale pursuant to sec. 2316*c*, Stats.; that the property was sold for one third of its value; and that thereby defendants were damaged in the sum of $50 and were entitled to judgment dismissing the plaintiff's complaint.

The note in question was given in payment for the balance due on a tractor, plow, and disk, and both mortgages were given as security. Plaintiff's agents removed the property from the premises on August 20, 1920. On this same date, defendant *I. A. Moore* was given notice in writing that the property would be sold on August 28th, at public auction, by virtue of the terms of the chattel mortgage. The property was sold on August 28th, and the proceeds, $477, less moving and storage charges of $8, were credited on the note. A report of the sale was filed with the town clerk on September 17th.

Conflicting testimony was offered as to the circumstances surrounding the removal of the property from the farm. Plaintiff's agents testified, in substance, that they called on defendant and stated that they wanted either the money or the machinery; that defendant said he did not have the money and that they would have to take the machinery; that defendant showed them where it was located and helped them start the tractor. Defendant testified that plaintiff's agents came to the farm and handed him the paper containing the notice of the sale; that they said they had come for the machinery; that he made no objection; that he went with them and pointed out the machinery and may have helped them start the tractor; that he opened a couple of gates for them; and that he did not recall what conversation took place before they served the paper.

The trial court found that the defendants did not voluntarily surrender possession of the property and that the report of the sale was not filed in the office of the town

clerk as provided by sec. 2316c, Stats.  He held as conclusions of law that the real-estate mortgage had been fully paid and satisfied; that plaintiff was bound to satisfy the mortgage of record; that the chattel mortgage should be canceled; and that defendants should be awarded $25 and costs, as provided by the statute.

By sec. 2316c it is provided that whenever any property covered by a chattel mortgage shall be taken and sold by virtue of such mortgage pursuant to the powers of sale contained therein, the owner of the mortgage or his agent conducting the sale shall within ten days after the sale make and file an affidavit setting forth the date of the sale, a description of the property sold, the amount then claimed to be due, the amount realized, and certain other facts, and provision is made for the place of filing the affidavit.  Then follows this clause:

"*Penalty*.  Any person violating the provisions of this section shall be liable to the person personally liable for the indebtedness, in which case such person shall be entitled to recover in addition to his actual damages the sum of twenty-five dollars liquidated damages.  In case of the failure of the owner of any such mortgage, or his agent conducting such sale, to comply with the provisions of this section within the time herein limited, the debt secured by such mortgage shall be deemed fully satisfied and the mortgage canceled."

Obviously there was no compliance with the statute.

In several cases it has been held by this court that the statute relied on by defendant, sec. 2316c, being highly penal, does not apply in cases where the property is taken with the consent of the mortgagor.  In an opinion by Mr. Justice KERWIN it was said:

"Under the language of this penal statute we think that the voluntary surrender of the property by the appellants and acceptance by respondent was not a taking within the meaning of the statute.  It seems quite clear that the taking contemplated by this statute is a taking *in invitum* under

and by virtue of the power to take and reduce to possession as given in the mortgage.   The taking and sale under the mortgage within this statute means a hostile taking by virtue of the right to dispossess the mortgagor of his possession and property under the power given in the mortgage. The statute, we think, is capable of this construction without doing violence to its language, and in view of its highly penal character it should receive such construction.   We cannot think that the legislature intended so drastic a remedy should be enforced under the circumstances established by the record in this case." *Hammel v. Cairnes,* 129 Wis. 125, 129, 107 N. W. 1089.

The same rule was declared in *Jones v. Brandt,* 173 Wis. 539, 181 N. W. 813, where the mortgagor testified that he voluntarily let the property be taken and told the mortgagee to take it and sell it under the mortgage.   In the case before us there was no such admission or testimony.   There was testimony on the part of defendant that when plaintiff's agents came they first served the notice of sale and then the conversation above stated took place.   It is claimed by plaintiff that consent to the taking may be implied because the defendant made no objection to the taking and gave his assistance by showing the location of the property.   To hold this would be extending the rule laid down in the cases already cited, and in our opinion would be inconsistent with the meaning of the statute.

The trial court heard the witnesses, weighed the conflicting testimony, and found that defendant did not consent to the taking, and we are not disposed to disturb his finding as contrary to the preponderance of evidence.

As argued by plaintiff, the statute is severely penal; it may sometimes work serious injustice.   But this is a subject for the consideration of the legislature rather than the courts.   The following cases illustrate that, notwithstanding the severity of the statute, it will be enforced when its terms are not complied with, and when the taking under the chattel mortgage is without the consent of the mort-

gagor: *Gauche v. Milbrath,* 94 Wis. 674, 69 N. W. 999; *Schoenmann v. Hood,* 145 Wis. 241, 130 N. W. 101; *Emerson-Brantingham Imp. Co. v. Paul,* 163 Wis. 589, 158 N. W. 326.

*By the Court.*—Judgment affirmed.