# GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN *et al.*

## *v.*

## MAGGIE BELCHAM.

*Filed at Springfield, April 3, 1893.*

**1. LIFE INSURANCE**—*use of alcoholic stimulants—question and answer construed.* An application for a certificate of life insurance made by a member of a benefit society, stated that the answers made by the insured to the questions of the medical examiner of the lodge attached to the application were true. To the question, "to what extent does the person use alcoholic stimulants?" the answer was, "none:" *Held,* that a reasonable construction of the question and answer implied more than an occasional use of alcoholic stimulants, and that to invalidate the contract of insurance there should be, to some extent at least, a habit or custom as to such use.

**2. SAME**—*application—rule of construction.* The language used in an application for a certificate of life insurance should receive a fair, reasonable construction, one within the contemplation of the parties at the time the contract of insurance is consummated.

**3. PRACTICE**—*improper remarks of counsel to jury—preserving exceptions.* If counsel make improper remarks in argument to the jury, objections should be made to the court and its ruling had. In the absence of any showing in the record that the court was called upon to rule on the question, or that any ruling was made, and an exception preserved, the question of the propriety of such remarks is not presented on appeal or error.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. LILLARD & WILLIAMS, for the appellants:

The answer of "none," as to the use of intoxicants, means *none at all,* to no extent whatever. The answer of "moderate," as to the use of tobacco, is the exact answer sought to be attributed to the insured by construction.

The court held that to defeat an action the appellee should prove that the insured was an habitual drunkard.

That this is error, see *State* v. *Pratt,* 34 Vt. 323; *Murphy* v. *People,* 90 Ill. 59; *Royal Templars* v. *Card,* 111 id. 284.

Mr. EDWARD BARRY and Mr. JOHN E. POLLOCK, for the appellee:

Answers to questions in an application for membership in benefit societies are not warranties, but representatons. Bacon on Benefit Societies, sec. 216; *N. W. B. & M. A. Assoc.* v. *Cain,* 21 Ill. App. 471; *Continental Life Ins. Co.* v. *Rogers,* 119 Ill. 484; *The I. M. B. Society* v. *Winthrop,* 85 id. 537.

The word "use" does not direct the mind to anything but a customary or habitual use. *Van Valkenburg* v. *A. P. L. Ins. Co.,* 70 Ill. 605.

Questions to be answered in applications for insurance are to be construed liberally. *The W. M. L. Ins Co.* v. *Schultz,* 73 Ill. 586; *The I. M. B. A. Society* v. *Winthrop,* 85 id. 537.

By-laws, rules and regulations must be construed liberally, with a view to the maintenance and continuance of the rights of membership. Niblack, Benefit Societies, 75, 76.

The courts should construe the rules and regulations of such societies liberally, to effect the benevolent object of their organization. Niblack, p. 391, 392; *Supreme Lodge* v. *Schmidt,* 98 Ind. 374; *Erdman* v. *Order,* etc., 44 Wis. 376.

Forfeiture of membership, and the rights incident to it, are not favored, and the construction should be such as to avoid the forfeiture, if the language employed will admit of such construction. *Connolly* v. *Shamrock B. Society,* 43 Mo. App. 283.

If it be shown that a person whose life is insured was intemperate after the insurance was effected, the presumption is that he became so thereafter. Bacon, sec. 457.

Appellants accepted and have retained Mr. Belcham's money for more than twelve years, and with many other circumstances in the case they are estopped.

It is not necessary to plead waiver or estoppel *in pais.* Advantage may be taken of it without.   *German Fire Ins.* v. *Grunert,* 112 Ill. 68.

The burden of proof was on appellants to show that Belcham made a willfully false answer.   Bacon, sec. 469; *Grange Mill Co.* v. *Western Ins. Co.,* 118 Ill. 398; *Cont. Life Ins. Co.* v. *Rogers,* 119 id. 484–6.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Maggie Belcham against the Grand Lodge Ancient Order of United Workmen, and Bloomington Lodge No. 63, Ancient Order of United Workmen, upon a beneficiary certificate insuring the life of her husband, Thomas W. Belcham.   On the trial of the cause before a jury the plaintiff recovered, and the defendants appealed to the Appellate Court, where the judgment was affirmed.   The principal grounds relied upon on the trial in the Circuit Court to defeat a recovery were: First, that there was no joint liability of the two defendants; second, that Thomas W. Belcham was not a member of appellant lodges, but had during his life, on January 31, 1891, been expelled for habitual drunkenness and for being in the lodge room intoxicated; third, that on September 7, 1878, when the certificate was issued, Thomas W. Belcham procured the certificate by a false and material statement in his written application for membership, in reference to his use of intoxicating liquor.

The first ground relied upon has been abandoned.   As to the second ground of defense relied upon, plaintiff replied that Thomas W. Belcham was insane when he was expelled from the lodge.   Issue was also taken on the third ground relied upon.   It thus appears that the questions relied upon to defeat a recovery were questions of fact; these questions the jury found against the defendants, and the judgment of the Appellate Court affirming the judgment of the Circuit Court is conclusive on all questions of fact.

Unless, therefore, the Circuit Court erred in its rulings on the admission of evidence or in the instructions to the jury, the judgment of the Appellate Court will have to be affirmed.

The application of Thos. W. Belcham, for the insurance, contained the following language: "I certify that the answers made by me to the questions propounded by the medical examiner of this lodge, which are attached to this application, and form a part thereof, are true."

The report of the medical examiner, attached to the application, contains, among others, the following questions and answers:

16.   To what extent does the person use alcoholic stimulants?

A.   None.

b.   To what extent does the person use tobacco?   b. Moderate.

c.   To what extent does the person use opium?   c. None.

d.   Are there any indications that would lead you to suppose that the applicant leads or has led other than a sober and temperate life?   d.   None.

It was claimed by appellants on the trial that the answer of the insured in regard to the use of alcoholic stimulants was false and fraudulent, and hence vitiated the policy; and in this connection they claimed if the insured, at the time the certificate of insurance was issued, used alcoholic stimulants to any extent whatever, such use rendered the statement false.   But the court placed a different construction on the language of the application, and in its rulings on the admission of evidence, held that proof of a single use would not be sufficient, but defendants must go further and establish that the insured, at the time of the issue of the certificate, was in the habit of using intoxicating liquors to some extent.

In addition to the ruling on the admission of evidence, the court gave to the jury the following instruction:

"3. The court instructs the jury that unless you believe, from a preponderance of the evidence, that plaintiff's husband, at the time the policy sued on was issued, was in the habit of using intoxicating liquors to some extent, that then upon the question of the policy having been obtained by false representations, you will find for the plaintiff. And the court instructs the jury that a habit means more than an occasional or incidental use."

The ruling of the court on the admission of evidence, and on the instruction to the jury, is relied upon as error. It is said in the argument of counsel: "We insist that his answer, 'None,' as to intoxicants, meant none at all, to no extent whatever." We do not think this is a correct view of the language used. The language embodied in the application must receive a reasonable construction, one within the contemplation of the parties at the time the contract of insurance was consummated. What was the purpose of requiring the insured to state in the application to what extent he used alcoholic stimulants, tobacco and opium? But one object can be perceived, and that was to guard against the risk which might arise from insuring the life of one who was in the habit of using the articles, or either of them, to such an extent as to imperil the health and life of the individual. If a man drank a glass of liquor or smoked a pipe of opium or a cigar once a month, it is too plain to admit of argument that such a use could not endanger the life of the person, and that such a use was not within the comtemplation of the parties when the contract of insurance was entered into by the parties. It may be that the language of the question and answer in regard to the use of alcoholic stimulants, if given a strict and technical construction, might be interpreted that the insured did not use alcoholic liquors at all. But, in our opinion, an insurance company propounding a question of that character should not be allowed to indulge in a strict and technical construction; but, on the other hand, the language should receive a fair and

reasonable construction, a construction which would imply more than an occasional use. There should be, to some extent at least, a habit or custom. This is the rule established in *Van Valkenburg* v. *A. P. L. Insurance Co.*, 70 N. Y. 605, and we think it the correct one.

On the issue in regard to the insanity of the insured, it is also claimed that the court erred in its rulings on the introduction of evidence and in the instructions. We have examined the record carefully on this branch of the case and we find no substantial error. As to the instructions, the jury were fully and fairly instructed on every material question involved in the case. Indeed, so far as appears, the issues involved were all fairly presented to the jury.

Complaint has also been made in regard to alleged improper remarks of counsel to the jury. The record, however, fails to show that the court was called upon to rule on this question, or that any ruling was made, and exceptions preserved in the record. In the absence of a ruling of the court the question does not arise. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*