## Manufacturers & M. M. I. Co. v. Maria Zeitinger, Executrix, etc.

1. Insurance—*False Representations by Insured.*—In making a contract of insurance, the parties must act in good faith, and the assured must truthfully answer questions asked as to the value and condition of the property sought to be insured, yet, where a false representation is made, it must be shown, to avail as a defense, that the representation was a material one to the risk.

2. Words and Phrases—" *Shall Render.*"—An insurance policy provided that in case of loss the insured " shall render proof of loss within," etc. *Held*, that mailing the necessary proofs within the time required was a sufficient compliance with the terms of the policy, although they were not delivered at the office of the insurance company until after the expiration of the time allowed.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of Winnebago County; the Hon. James Shaw, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Mr. Justice Crabtree, dissenting. Opinion filed December 9, 1896.

William Marshall and A. D. Early, attorneys for appellant.

R. K. Welsh, J. Garver and A. E. Fisher, attorneys for appellee.

Mr. Presiding Justice Harker delivered the opinion of the Court.

This suit was brought on a fire insurance policy, issued by appellant to Valentine Anthony Zeitinger, on the 10th of August, 1893. Two thousand dollars was upon a five-story stone and frame flouring mill, and $1,000 upon the mill machinery, situated on the Monocacy river, State of Maryland. Zeitinger was, at the time the policy was issued, residing in Missouri, and the mill was in charge of his son, Christian J. Zeitinger, who was the agent of his father, and who applied for and obtained the insurance.

The mill and machinery were totally destroyed by fire September 3, 1893. September 30, 1893, Valentine died, and on the 26th of October following, letters testamentary were issued to appellee. On the 1st of November, 1893, the son mailed from Maryland proofs of loss, addressed to appellant at its home office, Rockford, Illinois, but the same were not received until November 3d, which was more than sixty days after the fire. The policy required the insured in case of loss, to render to the company sworn proofs of loss within sixty days.

On the 10th of November, George S. Roper, secretary of appellant, wrote C. V. S. Levy at Frederick, Maryland, who seems to have been interested in the mill property as mortgagee, and who was representing appellee as attorney, acknowledging receipt of proofs of loss, but objecting to them because they contained no detached description of the property destroyed, or certificate of justice of peace as required.

Appellee refusing to pay, this suit followed, resulting in a judgment in favor of appellee of $2,350.

It is urged that in the application for insurance, there was such misrepresentation of the property in regard to its age as was sufficient to avoid the policy. The false representation consisted in the statement that the mill was about

"twenty or twenty-five years old," when, as a matter of fact, it was erected prior to 1830.

While it is true that in a contract of insurance the parties must act in good faith and the assured must truthfully answer the questions asked as to value and condition of the property proposed to be insured, yet where a false representation is made it must be shown, to avail as a defense, that the representation was a material one to the risk. National Bank v. Insurance Co., 95 U. S. 673; Redman v. Hartford Fire Ins. Co., 47 Wis. 89; Grand Lodge A. O. U. W. et al. v. Bilcham, 145 Ill. 308; Howard v. Cornick, 24 Ill. 455.

The evidence shows that the mill was practically rebuilt in 1867, and was a substantial structure. The misrepresentation, therefore, was not material.

It is contended that no action can be maintained because proofs of loss were not rendered to the company within sixty days after the fire. The proofs of loss were mailed within the sixty days but did not reach the company, and could not in due course of mail within the sixty days limited by the policy. The language employed in the policy is "shall render," etc.

By the term "render," it is insisted on behalf of appellant, is meant "deliver at the office of the company;" and that merely mailing proofs of loss within the time limited does not fulfill the requirement. We are not disposed to place a construction so narrow on the provision. We think mailing of proofs of loss within the sixty days sufficiently met the requirement.

It is unnecessary to discuss the instructions or other matters argued in the briefs. We feel that in this case substantial justice has been done and that the judgment should be affirmed.

Mr. Justice CRABTREE dissents.