Johnson, Respondent, vs. Huber, Appellant.

*February 6—February 24, 1903.*

*Penalties: Refusal to discharge judgment: Good faith.*

The penalty denounced in sec. 2915, Stats. 1898, for refusal to satisfy a judgment after full payment thereof is not recoverable where there was no intentional wrong in the refusal, but rather a reliance, in good faith, upon some supposed legal right. *Schumacher v. Falter,* 113 Wis. 563, followed; *Shields v. Klopf,* 70 Wis. 69, overruled.

Appeal from a judgment of the circuit court for Pierce county: James O'Neill, Judge. *Reversed.*

The defendant, on December 23, 1897, recovered judgment against the plaintiff for $595.81, which judgment became paid by an accord and satisfaction about November 7, 1898, under an agreement to receive $300 and a release of the judgment plaintiff from certain claims of the judgment defendant. The validity of that accord and satisfaction was denied by the present defendant, and a suit in equity to declare its validity and the satisfaction of the judgment was commenced January 9, 1899, which, after an appeal to this court, decided March 20, 1900 (106 Wis. 282, 82 N. W.

137), resulted in a judgment as prayed. A few days before commencing that suit, namely, December 21, 1898, plaintiff served upon defendant a written demand that he satisfy of record such paid judgment, which was repeated more formally on August 2, 1899, but defendant did not satisfy the judgment. The present action, commenced October 9, 1900, was to recover the statutory penalty of $50, and actual damages resulting from defendant's refusal to satisfy such paid judgment. After trial, disclosing substantially the foregoing facts, the court directed a verdict in favor of the plaintiff for the statutory $50 penalty and $260.49 as damages, composed mainly of the plaintiff's expenses in prosecuting the suit in equity to obtain cancellation. From judgment upon said verdict the defendant appeals.

For the appellant there was a brief by *A. Combacker* and *J. W. Hancock,* and oral argument by *Mr. Combacker.*

*Walter C. Owen,* for the respondent.

DODGE, J. In this case we think it entirely apparent that at the time respondent demanded of appellant that he cancel the judgment in question the latter contended in good faith that the same had not been paid. That question was litigated in the suit in equity mentioned in the statement of facts, was decided in appellant's favor by the trial court, and not until it reached this court on appeal was it established that the judgment had been satisfied by the settlement made. It was, therefore, not a case of contumacious and wilful refusal to cancel of record a judgment which the creditor knew had been paid. In the recent case of *Schumacher v. Falter,* 113 Wis. 563, 89 N. W. 485, we held that the penalty denounced by sec. 2256, Stats. 1898, for failure, on demand, to discharge a paid mortgage, was not recoverable under such circumstances; where there is no intentional wrong in the refusal to discharge, but rather a reliance, in good faith, upon

some supposed legal right.    The court quoted with approval the language of COOLEY, J., in *Burrows v. Bangs,* 34 Mich. 304:

"But as there has been an honest difference between these parties regarding their rights, we do not think the defendant is subject to the statutory penalty for not discharging the mortgage."

Sec. 2915, Stats. 1898, upon which the present action is based, is in this respect the entire equivalent of sec. 2256; applicable, however, to judgments.[1]   The same reasoning that would control in the construction of one, must as to the other; and the case of *Schumacher v. Falter* is therefore direct authority against the recovery of the judgment now appealed from.

Our attention is, however, now called to the case of *Shields v. Klopf,* 70 Wis. 69, 35 N. W. 284, where an entirely contrary conclusion was reached as to the construction of sec. 2256.   That case was not mentioned, nor was it considered, in deciding *Schumacher v. Falter,* and the two are undoubtedly in conflict.   One or the other must be overruled.   After deliberation, the examination of the authorities tending to sustain the conflicting views of these two cases and of the reasons governing the situation, we are persuaded that the latter case declares the true construction of the statute.   Penalties are not to be favored, and penal statutes are to be strictly construed.   Ordinarily, it is to be presumed that penalties are denounced against wilful misconduct, and not against efforts made sincerely and in good faith to vindicate what one be-

---

[1] Sec. 2915, Stats. 1898, is as follows: "If any owner of any judgment shall, after full payment thereof, refuse or neglect, for the space of seven days after being thereto requested and after tender of his reasonable charges therefor, to satisfy the same in one of the modes aforesaid he shall be liable to the party paying the same, his heirs or representatives, in the sum of fifty dollars damages and also for actual damages occasioned by such neglect or refusal, to be recovered in an action."—REP.

lieves to be his legal rights. It is the policy of the law that parties shall have full and free opportunity to submit their controversies to courts, and to receive their judgments thereon. Indeed, such right is, in general terms, guarantied by sec. 9, art. I, of our constitution, and while we need not, and of course do not, decide that secs. 2915 and 2256, if construed as they were in *Shields v. Klopf,* would be so in derogation of this constitutional provision as to be invalid, yet the spirit of that constitutional provision is so averse to the imposition of penalties upon the good-faith effort to vindicate one's rights that we may well hesitate in believing the legislature so intended. We adhere to the conclusion reached in *Schumacher v. Falter,* which is equally applicable to sec. 2915, Stats. 1898, and constrains us to the holding that the court erred in directing a verdict in favor of the plaintiff and in refusing to direct one in favor of the defendant.

*By the Court.*—Judgment reversed, and cause remanded for new trial.