MINNEAPOLIS THRESHING MACHINE COMPANY, Appellant,
vs. HAUG and another, Respondents.

*September 10—September 29, 1908.*

*Statutes: Construction: Chattel mortgages: Foreclosure sales: "Actually taken."*

1. Penal statutes are to be strictly construed.
2. In construing a statute the mischief intended to be prevented may be considered.
3. In sec. 2316a, Stats. (1898),—providing under penalty that no property taken by virtue of any chattel mortgage shall be sold or removed from the county, without consent of the mortgagor, within five days "from the time when the same was actually taken,"—the actual taking mentioned means a corporal taking out of the possession and control of the mortgagor; and a foreclosure sale, on notice, without any taking of the property is not a violation of the statute.

APPEAL from a judgment of the circuit court for Trempealeau county: J. J. FRUIT, Circuit Judge. *Reversed.*

This action was brought to recover balance due on promissory notes. The case was tried upon the following stipulated facts:

"That the plaintiff is entitled to judgment as prayed for in the complaint, unless the plaintiff has violated sec. 2316a of the Statutes of 1898, and the acts amendatory thereof, by making a sale of the property mentioned and described in the answer herein, without the consent of the mortgagor, before the expiration of five days from the time when the said property was actually taken; and in case plaintiff did violate the provisions of said sec. 2316a the defendants are entitled to judgment as prayed for in their answer. That said plaintiff, under and by virtue of the provisions of a certain chattel mortgage, duly executed by said defendants to said plaintiff and filed as required by law, by its duly authorized agent, did on the 11th day of April, A. D. 1906, make out a sufficient notice of foreclosure sale of the property described in defendants' answer, which said notice was by said agent, on the 11th day of April, A. D. 1906, read to *Olaf*

*Haug,* one of the above named defendants, at his home in the town of Unity, in the county of Trempealeau, and state of Wisconsin. At the same time plaintiff's agent read said notice he served upon defendant *Olaf Haug* the summons in this action. That the said property described in said mortgage and notice was then and there located upon the farm occupied by said *Olaf Haug,* at a point about thirty rods west of the dwelling house, and in view of the said parties during the reading of said notice, and in the possession of said defendant, and were upon wheels and in substantially the same shape as when moved upon said premises. That the copies of the notice of foreclosure sale and affidavit hereunto annexed are true and correct copies of said notice of foreclosure sale and affidavit made and filed in the office of the town clerk of Unity. That the roads in the vicinity of the farm of said *Olaf Haug* were in a bad and extremely muddy condition on the said 11th day of April, A. D. 1906, and that the said plaintiff by its agent posted in three public places in said town of Unity, wherein said property was located, notices of said foreclosure sale, which notices so posted were true and like copies of the aforesaid notice of foreclosure sale. That pursuant to said notice the plaintiff, by its authorized agent, did on the 24th day of April, A. D. 1906, at the farm of said *Olaf Haug,* in said town of Unity, being the place and time specified in said notice, sell and dispose of said property described in said notice and mortgage at public auction. That said property was then and there on said premises in the same place and in the same condition as at the time of the reading and posting of said notices. And that the said property was then and there struck off and sold to the said plaintiff at the price of eight hundred dollars ($800), the said plaintiff being the highest bidder, and that being the highest bid thereof. That the said *Olaf Haug,* one of the defendants, at the time of the making of said sale, objected to the said sale being made for the reason that the said plaintiff had not taken and removed the property previous to said sale. That the said plaintiff, by its agent, who made said sale, did make and file with the town clerk of said town of Unity, where the mortgage was on file, the affidavit and copy of notices required by ch. 122 of the Laws of 1903."

On these facts the court found the chattel mortgage cov-
ered the property in question and that such property was
never actually taken previous to the day of sale, and found
as conclusions of law that by force of the sale before the ex-
piration of five days from the time the property was actually
taken the notes secured by the mortgage were paid and be-
came void and of no force and effect and the chattel mortgage
became canceled, and that the defendants recover $25 liq-
uidated damages. Judgment was entered in accordance
with the findings of fact and conclusions of law, from which
this appeal was taken.

The cause was submitted for the appellant on the brief of
*Anderson & Ekern,* and for the respondent on that of *G. O.
Linderman.*

KERWIN, J.    The only question involved in this case is
whether the appellant violated sec. 2316*a,* Stats. (1898),
which reads:

"No sale of any personal property taken by virtue of any
chattel mortgage, . . . except by consent of the mortgagor,
his legal representatives or assigns, shall be made before the
expiration of five days from the time when the same was ac-
tually taken, nor shall any such property during such time
be removed from the county where it was situated when
taken; and during such period such property shall be subject
to redemption by payment of the mortgage debt and the ac-
tual and necessary costs and expenses of taking and keeping
it incurred at the time of making redemption.    Any person
aggrieved by a violation of any provision of this section may
recover of the person who violated the same, in addition to
his actual damages, twenty-five dollars as liquidated dam-
ages.    If any such property is sold at private sale, without
public notice, or is sold within the period herein limited,
without such consent, the mortgage debt shall be deemed paid
and the mortgage securing the same be deemed canceled. . . ."

This is a highly penal statute and must be strictly con-
strued.    *Hammel v. Cairnes,* 129 Wis. 125, 107 N. W.

1089; *Cohn v. Neeves,* 40 Wis. 393; *Wright v. E. E. Bolles W. W. Co.* 50 Wis. 167, 6 N. W. 508; *Schumacher v. Falter,* 113 Wis. 563, 89 N. W. 485; *Johnson v. Huber,* 117 Wis. 58, 93 N. W. 826.

The mischief intended to be prevented by the statute may be considered in construing it. *Cohn v. Neeves, supra.* This was to prevent mortgagees from seizing chattel-mortgage property and removing it from the county where situate, or taking it out of the possession of the mortgagor and immediately selling it without notice to him. We think the actual taking mentioned in the statute means a corporal taking out of the possession and control of the mortgagor. In order to incur the penalty prescribed by this statute it was necessary that the property covered by the chattel mortgage be taken and sold by plaintiff within five days from the time the same was actually taken. There is nothing in the record showing such taking, or any taking, within the meaning of the statute; hence no violation of the statute was shown and no defense was made out, and the plaintiff was entitled to judgment for the amount due on the notes.

*By the Court.*—The judgment of the court below is reversed, and the action remanded with directions to the court below to render judgment for plaintiff on the notes sued upon.