State v. Hall, 141 Wis. 30.

STATE vs. HALL.

*October 29—November 12, 1909.*

*Criminal law: Pleading statutory offense: Employment of child in place where intoxicating liquor is sold: "Beer garden:" Validity of contract immaterial: Construction of statutes: Independent contractor.*

1. A complaint charging that defendant employed a child under the age of sixteen years in a "beer garden" states an offense under subd. 2, sec. 1728*a*, Stats. (Laws of 1907, ch. 523), forbidding the employment of such a child "in any place where intoxicating liquors are made, given away or sold."

2. Failure to charge a statutory offense in the language of the statute does not render the complaint insufficient if no substantial right of the defendant is affected and he is not prejudiced thereby.

3. The engagement of children in the kinds of work specified was the evil sought to be guarded against by subd. 2, sec. 1728*a*, Stats. (Laws of 1907, ch. 523), and the fact that the engagement was under a contract void because for labor to be performed on Sunday, does not preclude a prosecution of the employer.

4. The evil which a statute is designed to cure may be considered in construing it.

5. Defendant, the manager of a beer garden, contracted with an adult to furnish music therein for a gross sum. He neither knew nor saw at the time any of the musicians except the person with whom he contracted, and had no knowledge as to their ages. That person employed a minor under sixteen years of age to assist with others in furnishing the music; but after defendant's attention was called to that fact he caused the minor to be discharged. *Held*, that the person contracted with was not, within the meaning of sec. 1728*h*, Stats. (Laws of 1907, ch. 523), defendant's agent, servant, or foreman in employing the minor, and that the violation, if any, of subd. 2, sec. 1728*a*, was not by defendant.

REPORTED from the municipal court of Milwaukee county: A. C. BRAZEE, Judge. *First question answered in the affirmative; second and third questions in the negative.*

This is a criminal prosecution in which action was brought upon the following complaint:

"Ira Lockney, being first duly sworn, on oath complains to the district court of the county of Milwaukee that *Allen L. Hall* on the 5th day of July, A. D. 1908, in the county of Milwaukee, Wisconsin, being then and there the manager of a beer garden, did unlawfully employ and permit one Constantine Schoen, a child then and there of the age of fifteen years, to be employed and to work in said beer garden, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin, and prays that the said *Allen L. Hall* may be arrested and dealt with according to law."

Upon trial the defendant was convicted of employing a boy under the age of sixteen years in violation of the statutes. During the trial questions of law arose which, in the opinion of the trial judge, required the decision of this court, whereupon at the request and upon the consent of defendant and before judgment the court below certified the following questions:

"(1) Does the complaint in this action state an offense under the statutes of the state of Wisconsin?

"(2) Does the fact that the contract was for the employ-

ment of labor to be performed on Sunday prevent a prosecu-- tion under the statutes referred to in the first question herein ?

"(3) Would the fact that the defendant contracted with a man above the age of sixteen years to furnish to the defendant a band of music at a gross sum, and the defendant neither knew nor saw any of said musicians, except the person with whom he contracted, and had no knowledge of their ages, and the person with whom defendant contracted employed the boy Constantine Schoen, of but fifteen years of age, who assisted said employer, with others, in furnishing music at defend- ant's park, and after the attention of defendant was called to the fact that said boy, who was then playing a violin thereat, was under the age of sixteen years, he caused the discharge of such minor, render the defendant liable under said complaint and statutes referred to in the first question ?"

Before any evidence was offered the defendant demurred to the complaint and moved to quash the warrant, for the alleged reason that no offense was stated, which demurrer and motion were overruled and exception taken thereto. After the state closed its case, motion was made to discharge the defendant, which was denied and exception taken. After trial and con- viction, but before sentence, the defendant moved in arrest of judgment.

For the plaintiff there was a brief by *A. C. Backus,* district attorney, *Norman L. Baker,* assistant district attorney, and the *Attorney General,* of counsel, and oral argument by *Mr. Baker.*

*A. H. Blatchley,* for the defendant.

KERWIN, J.     Three questions are certified here to be an- swered by this court which are set out in the statement of facts. The first is as to whether the complaint states an of- fense. The argument is made that it does not, because it al- leges only that the infant, Constantine Schoen, under the age of sixteen years, was employed to work in a beer garden, and that a beer garden cannot be said to be a "place where intoxi- cating liquors are made, given away or sold" under the provi-

sions of subd. 2, sec. 1728a, Stats. (ch. 523, Laws of 1907). We cannot agree with counsel in this contention. The words of the statute must be construed in their plain and ordinary sense, and in giving them such construction we think the words "beer garden" must be understood to mean a place where intoxicating liquors are given away or sold. *Harrington v. Smith,* 28 Wis. 43; *State ex rel. Davis & S. L. Co. v. Pors,* 107 Wis. 420, 83 N. W. 706; *Miller v. C. & N. W. R. Co.* 133 Wis. 183, 113 N. W. 384. Independent of the popular understanding of the words "beer garden," it is obvious from the connection in which they have been used in former statutes that they were intended by the legislature to mean such place. *Bloch v. American Ins. Co.* 132 Wis. 150, 112 N. W. 45; *Davis v. State,* 134 Wis. 632, 115 N. W. 150. A beer garden being known to be a place where intoxicating liquor is sold or given away, the charge in the complaint was sufficient though not in the language of the statute. Sec. 4669, Stats. (1898). While doubtless it would have been better practice to have charged the offense in the language of the statute, no substantial right of the defendant was affected nor was he prejudiced; therefore the failure to charge the offense in the language of the statute should be disregarded. Sec. 2829, Stats. (1898); also, secs. 4658, 4659, 4706, Stats. (1898); *Bowers v. State,* 122 Wis. 163, 99 N. W. 447; *Hanley v. State,* 125 Wis. 396, 104 N. W. 57; *Brown v. State,* 127 Wis. 193, 106 N. W. 536; *State ex rel. McKay v. Curtis,* 130 Wis. 357, 110 N. W. 189. It is also insisted that the complaint is bad because it does not negative the exception contained in sec. 1728a—1, Stats. (ch. 418, Laws of 1907) and other statutes respecting the consent of the commissioner of labor or other officer mentioned in the statute, but it will be seen that this exception has not been carried into subd. 2, sec. 1728a, Stats. (ch. 523, Laws of 1907). We therefore think the complaint states a good cause of action, and the first question must therefore be answered in the affirmative.

The second question is whether the employment of labor to be performed on Sunday prevents prosecution under the statute. The argument of counsel for defendant under this head is, in substance, that because such contract would be void no prosecution could be had under such an agreement. Subd. 2, sec. 1728a, Stats. (ch. 523, Laws of 1907), provides:

"No child under the age of sixteen years shall be employed in adjusting any belt . . . or in any place where intoxicating liquors are made, given away or sold. . . ."

The engagement in service was obviously the evil intended to be guarded against; and whether the means which brought about such service or engagement amounted to a void contract is wholly immaterial. The evil which a statute is designed to cure may be considered in construing it. *Minneapolis T. M. Co. v. Haug,* 136 Wis. 350, 117 N. W. 811; *Cohn v. Neeves,* 40 Wis. 393; *Johnson v. Huber,* 117 Wis. 58, 93 N. W. 826; *State v. Foster,* 37 Iowa, 404; *McCluskey v. Cromwell,* 11 N. Y. 593; *Carpenter v. Strickland,* 20 S. C. 1. Therefore we think the second question should be answered in the negative.

The third question is the one which has caused us the most trouble. From the facts set forth under this head it appears that the defendant contracted with an adult to furnish music at a gross sum, and that defendant at the time of employment neither knew nor saw any of the musicians except the person with whom he contracted, and had no knowledge of their ages, and the person with whom defendant contracted employed the minor under sixteen years of age to assist him with others in furnishing the music, and after the attention of defendant had been called to the fact of such employment he caused the boy's discharge. It is true the statute providing the penalty (sec. 1728h, Stats.: ch. 523, Laws of 1907) is very broad and reaches any person who, whether for himself or by himself "or through agents, servants, or foreman," shall violate, etc. But it must receive a reasonable construction, and so construing it we think it does not reach the case before us. In the instant

case the defendant contracted with one who was of full age to furnish the music, and had no direct connection with the employment of the minor, never consented to his employment, and, as soon as he discovered that he had been employed and was under sixteen, immediately caused his discharge. The person who violated the statute in the instant case, if there has been such violation, is the person who employed the minor, not the defendant, who merely contracted with a person above the age of sixteen for the music. The defendant here did not contract with the boy under sixteen, either himself or through an agent. It does not appear from the question submitted that the person with whom defendant contracted was an agent of the defendant for the purpose of employing musicians or otherwise. He was bound by his contract to furnish music, and the persons whom he employed to assist him in that regard were his agents, and, if he violated the law in the employment of a minor under sixteen, he, and not the defendant, was liable under the law. We therefore think the third question should be answered in the negative.

It follows that the first question certified must be answered in the affirmative, and the second and third in the negative.

*By the Court.*—It is so ordered.