CITY OF MILWAUKEE, Appellant, vs. LOCHER & SCHEFRIN COMPANY, Respondent.

*October 5—October 24, 1916.*

*Municipal corporations: Regulation of weights and measures: Ordinances: Violation.*

1. The purpose of sec. 1428, Milwaukee Code of 1914,—prohibiting all use of false weights and measures and providing a penalty for each violation,—is to require the use of weights and measures which themselves correctly express their value so that recourse need be had only to such weights and measures in order to determine the correct quantity weighed or measured.
2. The use, by a buyer of metal, of an old weight marked 100 pounds on a scale where it was the equivalent of a 200-pound weight was a violation of said sec. 1428, and proof of a single instance of such use was sufficient to warrant a conviction, even though it was shown that in that instance the weight was treated as a 200-pound weight and there was no fraud or deception.
    ESCHWEILER, J., dissents.

APPEAL from a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Reversed.*

Action to enforce a penalty for a violation of sec. 1428 of the Ordinances of the City of Milwaukee (Milwaukee Code of 1914), which provides that

"Any person, who, by himself or by his servant or agent, or as the servant or agent of another, shall use or retain in his possession any false weight or measure or any weight or

measure or weighing or measuring device to be used in the buying or selling of any commodity or thing which has not been sealed by the sealer of weights and measures according to the provisions of this chapter; or any person who, by himself or by his servant or agent, or as the servant or agent of another, shall sell or offer or expose for sale, or keep for the purpose of sale, less than the quantity he represents; or who shall in the purchase or offer to purchase of any thing represent such a thing to be of less than its true quantity; or who, by himself or by his servant or agent or as the servant or agent of another, shall use any false weight or measure in buying or selling any commodity or thing, or shall sell or offer or expose for sale, or keep for the purpose of sale, any commodity in a manner contrary to law or the provisions of this chapter, or any person, who, by himself or by his servant or agent, or as the servant or agent of another, shall sell or offer to sell or have in his possession for the purpose of selling, any device or machine to be used or calculated to falsify any weight or measure, shall upon a conviction forfeit to the city of *Milwaukee* a penalty of not less than twenty-five dollars, nor more than one hundred dollars."

The evidence showed that the defendant, through a servant, bought a load of lead from one Schatz; that in weighing it a weight from an old abandoned scale, marked 100 pounds, was used; that on the scale upon which the lead was weighed such weight was the equivalent of a 200-pound weight, and Schatz was so told and consented to its use. In weighing the lead the weight was treated as a 200-pound weight and Schatz received payment in full for the true weight of the lead which the load contained. The trial court concluded that the defendant had not violated the ordinance in question, and from a judgment entered accordingly the plaintiff appealed.

For the appellant there were briefs by *Clifton Williams,* city attorney, and *Benjamin W. Reynolds,* assistant city attorney, and oral argument by *Mr. Reynolds.*

For the respondent there was a brief by *Churchill, Bennett & Churchill,* and oral argument by *W. H. Churchill.*

VINJE, J.    It is obvious that in the instant case no damage resulted to the seller by reason of the use of the weight in question because the buyer correctly disclosed its value on the scale used.    But the purpose of the ordinance was to require the use of weights and measures which themselves correctly express their value so that neither party shall be compelled to rely upon the representations of the other.    The intention was to require true weights and measures to be used so that recourse need be had to such weights and measures only in order to determine the correct quantity weighed or measured.    This intention is disclosed by the language used; by the evident object sought to be reached; by the fact that other parts of the ordinance penalize the buyer who represents the quantity less than it is; and by that part thereof .forbidding the use of weights or measures not sealed by. the sealer of weights and measures.    The ordinance requires not only that true weights and measures be used, but that they shall have been tested and sealed by the designated authority, thus enabling any party to determine by an inspection of the weight or measure that it has been duly tested and sealed, and is correct.    Manifestly the weight in question had not been tested and sealed as a true weight on the scale used. It spoke falsely. · It said, I represent 100 pounds, when in fact it represented 200 pounds.    The ordinance requires the language of the weight to be truthful, to the end that reliance need not be placed upon human representations, which may be affected more or less by self-interest.    The only way to reasonably safeguard the interests of buyers and sellers of commodities, as to weighing and measuring, is to require the use of instrumentalities that are in fact what they purport to be; that speak for themselves, and speak the truth. Any departure from such scheme opens the door to misrepresentations and fraud, the very door which the ordinance declares shall be closed.

The argument is made that defendant is not guilty be-
cause it is not shown that it was in the habit of using the
weight as it did; that to constitute the using of false weights
there must be shown more than one isolated instance of such
use.    The argument is not well taken.    The ordinance un-
mistakably makes each false use a violation thereof.    It
makes no provision for occasional lapses.    It does not require
the city to establish customary delinquency before the pen-
alty can attach.    The ordinance forbids all use of false
weights and measures and provides a penalty for each viola-
tion thereof.

*By the Court.*—Judgment reversed, and cause remanded
with directions to enter a judgment of guilty, and for further
proceedings according to law.

Eschweiler, J.    I must dissent from the conclusion of
the court in this case.    The plain purpose and only reason
for the existence of sec. 1428 of the City Ordinances of Mil-
waukee is the proper one of preventing fraud in buying and
selling of commodities either by false representations as to
quantities or by the use of weights which deceive.    It should
be construed when applied to any particular set of facts in the
light of its purpose.    *State v. Hall,* 141 Wis. 30, 34, 123 N.
W. 251; *Weirich v. State,* 140 Wis. 98, 101, 121 N. W. 652;
*State v. Boliski,* 156 Wis. 78, 81, 145 N. W. 368.

The construction put upon this ordinance by the decision
in this case places one who has been found to have worked no
wrong to any one, who explained to the person whose com-
modities were being weighed the real facts, so that as to such
person the weight placed in the scale was not a false one, on
the same footing with one who uses some trick, device, or ar-
tifice to deceive to his own benefit and another's harm.

I think the ordinance should be construed to hold persons
liable to the penalty therein provided who either, first, de-
ceive by untrue representations as to quantity; or secondly,

actually do defraud some person by the use of improper weights; or thirdly, who continue to keep and use in the buying and selling of commodities weights that would permit of such deceiving of another; and that to make a conviction possible under the third of these constructions there should be evidence of such a use as would carry with it the proper inference that it was a part of a determination to take advantage of the fraud or wrong when opportunity offered.

It has been held in *Comm. v. Patterson,* 138 Mass. 498, that the word "use" has included in it some element of permanency; in *State v. Stanley,* 84 Me. 555, 24 Atl. 983, 984, that a single sale of liquor does not constitute a "use" of a building for the sale of intoxicating liquors; and in a number of cases, including *Pacific Mut. L. Ins. Co. v. Terry,* 37 Tex. Civ. App. 486, 84 S. W. 656; *Grand Lodge A. O. U. W. v. Belcham,* 145 Ill. 308, 33 N. E. 886; *Chambers v. Northwestern Mut. L. Ins. Co.* 64 Minn. 495, 67 N. W. 367; and 25 Cyc. 809, that an occasional drink of intoxicants is not a "use" of liquors such as to negative a statement in an application for life insurance that the applicant does not use intoxicating liquors.

It is contended that the construction given by the court in this decision is necessary, otherwise the city would be put to hardship in proving that the use of false weights was a repeated or continuous use. Such a situation is not in this particular case, for the testimony shows that, after using the two weights of 1,000 and 500 pounds respectively, a 200-pound weight was needed, and, not being then found, that this old weight, which, after it had been discarded with an old scale, on which old scale it was a true weight, had been used as a paper weight, was used to complete that particular weighing with the knowledge and at least tacit consent of the only person interested, thus clearly showing that in this particular instance before us this was an isolated, sporadic use, and not such a use as would come within the reasonable con-

struction of the ordinance.    The record in this case, therefore, expressly negatives the contention made.

I do not think a defendant in a *quasi*-criminal prosecution, such as cases of this kind have been designated (*State v. Hamley,* 137 Wis. 458, 460, 119 N. W. 114; *Milwaukee v. Ruplinger,* 155 Wis. 391, 394, 145 N. W. 42), should be used for what might seem demonstrating purposes, or that respect for such ordinances will be heightened by the hardship imposed on defendant in this case.    I fear that the construction placed upon this ordinance under the facts in this case by the majority opinion might have applied to it the suggestion found in *Rider v. Ashland Co.* 87 Wis. 160, 164, 58 N. W. 236: "Where the intention is clear, too minute a stress should not be laid on the strict and precise signification of words.    *Qui hæret in litera hæret in cortice.*"

It appears to me that under a reasonable and fair construction given the ordinance in question, under the facts in this case, the judgment of the court below was right and should have been affirmed.