Vreeland vs. Waddell.

Vreeland, Appellant, vs. Waddell, Respondent.

*March 31 — April 14, 1896.*

*Chattel mortgages: Right to redeem: Waiver: Premature sale: Fraud: Tender: Discharge of mortgage.*

1. A provision in a chattel mortgage authorizing the mortgagee, if at any time he deems himself insecure, to take the property and sell it with or without notice, is not a waiver by the mortgagor of the right secured by sec. 2316a, S. & B. Ann. Stats., which provides that no sale under such a mortgage, except by consent of the mortgagor, shall be made until after five days from the time when the property was actually taken, during which period it may be redeemed by payment of the mortgage debt and costs.

2. If there has been no waiver, the mortgagor of chattels has the right, under sec. 2316a, S. & B. Ann. Stats., to redeem them within five days after they are taken by the mortgagee, even though they have been sold by the latter, where the purchaser had notice that the proceeding was in violation of the statute, and purchased by collusion with the mortgagee, in the interest of the latter, and for the purpose of cutting off the right of redemption.

3. A tender of the amount due on a chattel mortgage within five days after the property was taken by the mortgagee operated to discharge the mortgage, where such tender was refused by the mortgagee on the ground that he intended to hold the property until the mortgagor paid another debt in no way connected with the mortgage, and no claim was made for any costs or expenses or that the tender was insufficient.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

Action of replevin growing out of the following state of facts: Plaintiff and defendant lived on the same farm, the former being tenant of the latter. Defendant had a chattel mortgage on a span of horses belonging to plaintiff, to secure payment of a note for $50 and interest. The mortgage was in the usual form, authorizing the mortgagee, if at any time he deemed himself insecure, to take possession of the mortgaged property and sell the same at public or private sale, with or without notice. Several months before the note matured, defendant, pretending to deem himself insecure, took the mortgaged property from the barn used by plaintiff, and put the same into another barn on the same premises controlled by defendant. Within a few hours thereafter, and on the same day, with no one present but his two sons, and without notice to the mortgagor or anybody except those present, defendant sold the property to his son for $48; $1 being paid down at the time. The property thereafter remained in the possession of the defendant, he pretending to hold the same as agent for his son. Three days thereafter plaintiff tendered to defendant the full amount due on the note, and demanded possession of the property. Defendant refused the tender or to deliver possession of the property, alleging that he would hold the same for $30 of other indebtedness plaintiff owed him. No claim was made at the time of such refusal for costs for the seizure and sale, or for

Vreeland vs. Waddell.

any sum, on the note or otherwise, secured by the mortgage, in excess of the amount tendered.

Plaintiff thereafter replevied the property in justice's court, and kept the tender good by paying the money into court. He recovered judgment in the justice's court, and defendant appealed. The horses were delivered to the plaintiff pending such appeal, the proper bond being given under the statute. On the trial in the circuit court, jury was waived. The court found all the facts as above stated, except that no objection was made to the tender before suit brought, and also found the value of the team of horses at $150, and, as a conclusion of law, found, in effect, that the stipulation of the mortgage that the mortgagee might take the property in case he deemed himself insecure, and sell the same with or without notice, constituted a waiver of all notice of sale; that defendant, under the circumstances, had a right to sell the horses, and was entitled to recover. Appropriate exceptions were filed to raise the questions presented here. Judgment for defendant was rendered on the findings, and plaintiff appealed.

*R. D. Evans*, for the appellant.

For the respondent the cause was submitted on the brief of *Herman Grotophorst*. He contended that there is no evidence of any fraud, and if there were evidence of fraud that question could not be determined in an action at law. After the respondent had taken possession of the horses and sold them, whether lawfully, unlawfully, or fraudulently, replevin will not lie; but the appellant must bring his action in equity to set aside such sale, or bring an action against the respondent for a conversion of the property. Wells, Replevin, §§ 222*b*, 333, 337; *Flanders v. Thomas*, 12 Wis. 410; *Mowry v. First Nat. Bank*, 54 id. 38; *Boyd v. Beaudin*, id. 193; *Powers v. Benedict*, 88 N. Y. 605; *Wise v. Grant*, 140 id. 593; *Chicago Dock Co. v. Foster*, 48 Ill. 507; *Holzhausen v. Parkhill*, 85 Wis. 446; *Nichols v. Webster*, 2 Pin.

234; *Smith v. Coolbaugh,* 21 Wis. 427; *Parsons v. Welles,* 17 Mass. 419; *Patchin v. Pierce,* 12 Wend. 61; *Huebner v. Koebke,* 42 Wis. 319; *Frisbee v. Langworthy,* 11 id. 375; *Cline v. Libby,* 46 id. 123; *Evans v. Graham,* 50 id. 450.

MARSHALL, J.    Sec. 2316a, S. & B. Ann. Stats., provides as follows: " No sale of any personal property taken under or by virtue of any chattel mortgage, . . . except by consent of the mortgagor, his legal representatives and assigns, shall be made before the expiration of five days from the time when the same was actually taken; . . . and' during such period such property shall be subject to redemption by payment of the mortgage debt, together with actual and necessary costs and expenses of taking and keeping the property, incurred at the time of making redemption." This statute became a part of the contract contained in the mortgage as effectually as if embraced therein. It clearly was designed to prevent a sale of property seized under a chattel mortgage until the expiration of five days after seizure, with the privilege, however, to the mortgagor, to waive the benefit of the statute. *Stevens v. Breen,* 75 Wis. 595.

The trial court found, as we understand it, that plaintiff waived the benefit secured to him by the statute, basing such finding wholly on the provision of the mortgage to the effect that, in case the mortgagee at any time deemed himself insecure, he was empowered and authorized to seize the property and sell the same, with or without notice, at public or private sale. Such provision has been commonly used in chattel mortgages since long anterior to the statute. It does not, by its terms or otherwise, in any way waive the statutory prohibition and right of redemption within five days after seizure. In the absence of a waiver of such statutory right, the mortgagee, after seizing the property, must wait till the expiration of five days. Then he may proceed,

under the mortgage, to sell such property at public or private sale, with or without notice.

The circumstances of the sale in question are such as to show conclusively that the purchaser acted with notice that the proceeding was in violation of the statute; that the mortgagee and such purchaser colluded together to make such sale wrongfully, for the purpose of cutting off the mortgagor's right of redemption; and that the sale was really in the interest of the mortgagee. Hence no title passed to such purchaser. The mortgagor was therefore entitled to redeem his property at the time he offered to do so, without regard to such sale. *Pettibone v. Perkins*, 6 Wis. 616; Herman, Chat. Mortg. § 219.

No claim was made by the mortgagee for any costs or expenses, or that the tender was insufficient. The refusal was placed wholly on the ground that he intended to hold the property till plaintiff paid another debt in no way connected with the mortgage. Therefore, such tender operated effectually to discharge the mortgage.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment in accordance with this opinion.