GAUCHE, Respondent, vs. MILBRATH, Appellant.

*December 15, 1896 — January 12, 1897.*

*Chattel mortgages: Sale of property before expiration of period of redemption: " Cancellation " of mortgage: Construction of statute: Tender: Waiver: Payment into court: Damages: Evidence: Trover.*

1. Under sec. 2316*a*, S. & B. Ann. Stats. (prohibiting the sale of mortgaged chattels, except by consent of the mortgagor, before the expiration of five days from the time the same were actually taken, and giving the mortgagor the right of redemption during that time), a pretended sale of the property within such period and refusal to allow the mortgagor to redeem because of such sale is binding on the mortgagee as a sale in fact, and subjects him to the statutory consequences.

2. The provision of said sec. 2316*a*, S. & B. Ann. Stats., that "in case of any violation of the provisions of this act, the person aggrieved by such violation may recover of the person violating the same

Gauche vs. Milbrath.

the sum of twenty-five dollars, in an action brought for that purpose in any court of competent jurisdiction. And in case of the sale of any such property . . . within the period above limited, the mortgage debt shall be deemed paid and the mortgage securing the same canceled," does not operate as a cancellation of the mortgage debt in the sense that the mortgagor is entitled to recover the property or its value without regard to the amount remaining due on the mortgage, but makes the consideration received by the mortgagee at the sale a satisfaction of the mortgage debt, whether sufficient for that purpose or not, so that he can assert no further claim against the mortgagor; and if the mortgagor is aggrieved by the premature sale, by reason of the property being sold for less than its actual value, he may recover from the mortgagee his actual damages, and $25 additional as a penalty.

3. The refusal of the mortgagee to allow the mortgagor to exercise the right of redemption, on the ground that the property had been sold, operated as a waiver of the tender of the amount due and entitled the mortgagor to bring replevin or trover, but did not entitle him to recover the full value of the mortgaged property in such an action, unless the tender was kept good by payment of the money into court.

4. Where title to the property has not revested in the mortgagor by a tender of the amount due and payment of the same into court, the measure of his damages is the value of the property at the time of the sale, less the amount due on the mortgage, and costs and expenses up to the time of the offer to redeem, with legal interest on the balance from the time of the tender to the time of the verdict.

5. Where there was evidence of the condition of the mortgaged property at the time of the sale as compared with its condition when purchased, and that the purchase was made in open market, evidence of the purchase price is competent as bearing on the value of the property at the time of the sale.

6. In an action of trover evidence that the title to the converted property was in a person not a party, without any effort to connect the defendant with such title, did not tend to establish a defense and was therefore not admissible.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The complaint sets out a cause of action against the de-

fendant for the conversion of a landau. The defendant answered, alleging as a defense, in substance, that on the 5th day of July, 1893, plaintiff gave to one William Seymour a chattel mortgage on the property in dispute, to secure the payment of twenty notes for $20 each, and interest thereon at the rate of six per cent. per annum; that one of such notes was payable on the 5th day of each month after they were given; that fourteen of the notes, with the accrued interest thereon, were outstanding on the 26th day of September, 1894; that on that day said notes and mortgage were duly assigned to defendant; that on the 29th day of September, 1894, defendant, deeming himself insecure, took the property, and thereafter, on ten days' notice to plaintiff, he sold the same at public auction, and applied the proceeds in payment of said notes; that plaintiff had the time between the taking of the property and the day of sale to redeem the same, but failed to do so.

The evidence shows that defendant was the owner and holder of the notes and mortgage, as set forth in the answer; that, as such owner, he took the property from the possession of the plaintiff on Saturday; that on the following Monday plaintiff tendered to the defendant $129 as the amount due thereon, for the purpose of redeeming the property; that there was some discussion over the amount of the costs; that defendant finally declined to allow plaintiff to redeem, giving as his reason that he had sold the property to Victor Schlitz. The evidence further shows that defendant, within a few hours after the seizure of the property, made a bill of sale thereof, absolute in form, to Schlitz, and placed the same on file in the office of the city clerk of the city of Milwaukee; that, after defendant refused to allow the plaintiff to redeem because of the sale to Schlitz, plaintiff endeavored to redeem from Schlitz, and was by him referred back to the defendant, whereupon this action was brought. Plaintiff did not keep the tender good by payment of the

Gauche vs. Milbrath.

money in court. The trial court held that the lien of the mortgage was discharged; that defendant, by reason of the facts, was guilty, as a matter of law, of a conversion of the plaintiff's property; and that the defendant was liable in the action for the full value thereof, with interest from the time of such conversion. Only the question of the value of the property was submitted to the jury. They returned a verdict for $484.98. Defendant moved the court to set aside the verdict and grant a new trial, which was denied. Judgment was thereupon perfected on the verdict, and the defendant appealed.

For the appellant there was a brief by *Kinne & Curtis,* and oral argument by *H. K. Curtis.*

For the respondent there was a brief by *Charles A. Orth,* attorney, and *Sylvester, Scheiber, Riley & Orth,* of counsel, and oral argument by *Charles A. Orth.*

MARSHALL, J. Sec. 2316a, S. & B. Ann. Stats., provides that "no sale of any personal property taken under or by virtue of any chattel mortgage, . . . except by consent of the mortgagor, his legal representatives and assigns, shall be made before the expiration of five days from the time when the same was actually taken, . . . and during such period such property shall be subject to redemption by payment of the mortgage debt, together with actual and necessary costs, and expenses of taking and keeping the property incurred at the time of making redemption. In case of any violation of the provisions of this act, the person aggrieved by such violation may recover of the person violating the same the sum of twenty-five dollars as liquidated damages, in addition to actual damages, in an action brought for that purpose in any court of competent jurisdiction. And in case of the sale of any such property by private sale without notice, or in case the same be sold within the period above limited, the mortgage debt shall be deemed paid and the mortgage securing the same canceled."

The learned trial judge, in effect, held that, under this statute, a sale of the property, actual or pretended, within the statutory period of redemption, and refusal to allow the respondent to exercise the right of redemption because of such sale, is binding on appellant as a sale in fact, and with that we fully agree. The sale in question was evidently made for the purpose of preventing respondent from exercising the right of redemption. It was asserted for that purpose. Respondent acted thereon, and appellant was thereby estopped from changing his position. Whether it was a *bona fide* sale, or a mere sham to deceive the mortgagor, it was a sale, within the meaning of the statute, and subjected the appellant to all the consequences thereof. In that regard the ruling of the trial court is correct.

It is not clear whether the circuit judge held that appellant is liable for the full value of the property because, by force of the statute, the debt was canceled by the premature sale. If he did so decide, and that is the reason he held appellant guilty, as a matter of law, of a conversion of the property, and liable for its full value and interest as damages, it was error. Such is not the correct construction of the statute. It provides that the offender shall be liable for actual damages and $25 in addition, in an action therefor. Obviously, if this were an action for damages under the statute, the measure of respondent's recovery would be the value of the property at the time of the sale, less the mortgage debt and expenses of taking and caring for the property up to the time of sale, and in addition thereto any special damages suffered by the respondent and $25. To be sure, the statute says the sale shall operate as a cancellation of the debt; but that does not mean that the mortgagee shall lose his debt as a penalty for violating the statutory provision, but that the consideration received by him, without respect to whether it is sufficient to satisfy the mortgage debt or not, shall be deemed sufficient for such purpose, so that the offender shall not be able to assert any further

Gauche vs. Milbrath.

claim against the mortgagor.   In such a case the mortgagor,
if actually aggrieved by the premature sale, by reason of
his property being sold for a less sum than its actual value,
or is otherwise damaged, may sue the mortgagee, and re-
cover as damages his actual loss and $25; if not actually
injured, by reason of the fact that the mortgage debt ex-
ceeds the value of the mortgaged property, then the offender,
as a penalty for violation of the statute, will lose the defi-
ciency.   It follows that the judgment for the full value of
the property as damages, by force of the statute, cannot be
sustained.

The refusal to allow respondent to exercise the right of re-
demption, on the ground that the property had been sold to
Schlitz, effectually waived the sufficiency of the tender;
hence, he was entitled to bring replevin to recover the prop-
erty, or trover to recover his damages by reason of the un-
lawful conversion thereof.   *Vreeland v. Waddell,* 93 Wis.
107.   But if the learned circuit judge instructed the jury
that respondent was entitled to recover the full value of the
property by reason of the tender before suit, without such
tender having been kept good by a deposit of the money in
court, upon the theory that such tender, without such de-
posit, was effectual to cancel the mortgage debt, and entitle
the respondent to recover such value as damages, it was
error.

It has been repeatedly held that a sufficient tender to the
mortgagee, after he has asserted his right to take possession
of the property, and a demand and refusal to deliver posses-
sion to the mortgagor, entitles the latter to commence an
action of replevin; and that, if the tender be kept good by
payment of the money into court, it operates as a discharge
of the lien of the mortgage, and entitles the mortgagor to a
judgment for the return of the property, or for a recovery
of its value.   *Boyd v. Beaudin,* 54 Wis. 193; *Vreeland v.
Waddell,* 93 Wis. 107.   But in *Smith v. Phillips,* 47 Wis. 202,

Gauche vs. Milbrath.

it was held that the tender, standing alone, will not have the effect to revest the legal title in the mortgagor, so as to entitle him to recover the property or its value; that nothing short of a tender and payment of the money into court, for the use of the mortgagee, will have that effect.

As the tender in this case was not kept good, if the action were replevin and the judgment one for the return of the property, or its value, obviously, it would have to be reversed. And it is just as plain that the damages in an action of trover cannot exceed plaintiff's actual loss and interest; that is, the value of the property at the time of the conversion, less the amount due on the mortgage, with costs and expenses at the time of the offer to redeem, with legal interest on the balance from the time of the tender up to the time of the verdict. *Tenney v. State Bank*, 20 Wis. 152; *Haverly v. Elliott*, 39 Neb. 201; *Kearney v. Clutton*, 101 Mich. 106. There was no definite proof in this case of the amount of the costs and expenses of taking and caring for the property. So the amount due on the mortgage debt at the time of the offer to redeem, $128.86, and interest to the date of the verdict,— in all, $139.85,— should at least have been deducted from the amount found by the jury, and included in the judgment.

The court instructed the jury that, in this form of action, the measure of damages is the value of the property at the time it was converted, with legal interest thereon down to the date of the trial; that this rule is invariable. That was hardly a correct statement of the law. The correct measure of damages in this case is the value of respondent's right to the property at the time of the conversion, with legal interest thereon down to the date of the trial; and such value must be determined by deducting from the value of the property, when converted, the amount necessary to redeem from the mortgage lien at that time.

Error is assigned on the admission of evidence of what the

Gauche vs. Milbrath.

property cost respondent. There was evidence tending to show what the condition of the vehicle was at the time of its conversion, as compared with its condition when purchased, and that the purchase was made in the open market. Under such circumstances, evidence of the purchase price is competent, as bearing on the value of the property at the time of the conversion. *Thompson v. Anderson* (Iowa), 63 N. W. Rep. 355; *Robinson v. Lewis*, 7 Misc. (N. Y.), 536. It is some evidence of its value, even though, prior to the conversion, the property had deteriorated from use. *Hawver v. Bell*, 141 N. Y. 140.

Error is assigned on the ruling of the court that appellant could not defeat a recovery by proving title or right of possession in a stranger in an action of trover. Proof on the part of the appellant of title in a third person, a stranger to the proceeding, without any effort to connect the appellant with such title, did not prove or tend to establish a defense, and was, therefore, not admissible. *Weymouth v. C. & N. W. R. Co.* 17 Wis. 550; *Steele v. Schricker*, 55 Wis. 134.

The above covers all the questions presented by the appeal, and it follows that the damages assessed by the jury are excessive, owing to the erroneous instruction given by the court; and for that reason the judgment must be reversed, and a new trial ordered, unless the respondent elects to remit from the verdict the amount due upon the mortgage debt at the time of the tender, with interest thereon at the rate of six per cent. per annum up to the time of the rendition of such verdict.

*By the Court.*— The judgment is reversed, and the cause remanded for a new trial, unless respondent elects to take judgment in accordance with this opinion.