Gauche vs. Milbrath.

GAUCHE, Respondent, vs. MILBRATH, Appellant.

*September 10 — September 28, 1897.*

*Appealable order: Practice in supreme court.*

1. Although it is irregular for a plaintiff whose judgment has been reversed on appeal, and the cause remanded for a new trial, subject to an option on his part to remit a portion of his recovery and take a judgment for the balance, to issue an execution under the original judgment, for its amount less the sum remitted, without entering a new judgment, yet, an order denying defendant's motion to set aside such an execution is held not to be a final order affecting a substantial right, made in special proceedings or upon a summary application in an action "after judgment," within the meaning of subd. 2, sec. 1, ch. 212, Laws of 1895, and therefore was not appealable.

2. The former practice of the supreme court, to affirm a judgment which was erroneous only because excessive in amount, on condition that the respondent should remit such excess and pay the costs of the appeal, has been changed, and the new practice of reversing the judgment, and allowing the respondent to exercise his option to remit such excess within a specified time and take a new judgment for the balance, has been embodied in rule XXXII of that court.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Appeal dismissed.*

The facts are stated in the opinion.

For the appellant the cause was submitted on the brief of *H. K. Curtis.*

For the respondent there was a brief by *Charles A. Orth,* attorney, and *Sylvester, Scheiber, Riley & Orth,* of counsel, and oral argument by *M. M. Riley.*

CASSODAY, C. J.    This case was here upon a former appeal from a judgment entered March 14, 1896, for $545.96, damages and costs. That judgment was then reversed, with costs, January 12, 1897, and the cause remanded for a new trial, unless the plaintiff should elect to take judgment in accordance with the opinion. 94 Wis. 674, 681. The *remittitur* having been filed, notice thereof was served upon defendant's attorneys, together with a notice to the effect that the plaintiff had on that day filed his election with the clerk to take judgment in accordance with the opinion of this court, by remitting from the judgment the sum of $139.85. Thereupon the plaintiff, without entering any new or other judgment in said action, caused an execution to be issued in his favor and against the defendant upon the judgment so entered March 14, 1896, for $545.96, less the $139.85 so remitted, and for the balance thereof, to wit, $406.11, with interest from March 14, 1896, and placed the same in the hands of the sheriff, with instructions to levy by virtue thereof upon the property of the defendant, and collect the same. Thereupon the defendant moved the trial court, February 26, 1897, to set aside such execution. Upon the hearing of that motion the trial court, by order, denied the same, and thereby vacated the order staying proceedings upon such execution. From that order the defendant brings this appeal.

The former practice of this court, where the only error in the record was an ascertained excess in the amount of the judgment, was to affirm the judgment on condition that

the respondent would pay the costs of the appeal and remit the amount of such ascertained excess; but such anomalous practice of affirming a judgment on condition that it should thus be subsequently modified induced this court, after careful deliberation, and before the writer hereof was a member, to change such practice by reversing the judgment and allowing the respondent to exercise his option to remit such excess, within a time to be specified, after filing the *remittitur* in the court below, and in case he did so remit, *then* he would "*be entitled* to judgment for the reduced amount." *Page v. Sumpter*, 53 Wis. 652, 657. The practice, as thus deliberately determined upon, has since been steadily adhered to, and, to avoid all misunderstanding, has been published as one of the rules of this court. Rule XXXII, and cases there cited. See, also, *Waterman v. C. & A. R. Co.* 82 Wis. 613, 638, 639. The substance of that rule is that in such a case the judgment "must be reversed, and the cause remanded for a new trial, subject to an option" on the part of the respondent "to remit such excess *and take judgment for the balance.*"

In the case at bar the judgment was reversed, with such option to the respondent. He exercised the option by remitting such excess, but entirely failed to enter judgment for the balance, but assumed that the old judgment, which had thus been reversed, and hence ceased to be a judgment, was still in force, and issued execution thereon, claiming interest from the time of the entry of the original judgment. There is therefore an outstanding execution, without any judgment. But the order refusing to set aside that execution, sought here to be reviewed, is not appealable, for the simple reason that it is not "a final order affecting a substantial right, made in special proceedings or upon a summary application in an action after judgment." Laws of 1895, ch. 212, sec. 1, subd. 2. Since no judgment has been entered in the case since filing the *remittitur*, it is manifest

that the order in question was not made "after judgment." There can be no claim that the appeal was authorized by any other provision of the statute.

.     *By the Court.*— The appeal is dismissed.