BANK OF VIROQUA, Respondent, vs. FIRST NATIONAL BANK OF VIROQUA, Appellant.

*November 7—December 3, 1929.*

The cause was submitted for the appellant on the brief of *Graves & Gulbrandsen* of Viroqua, and for the respondent on that of *C. J. Smith* of Viroqua.

CROWNHART, J. It appears from the allegations of the complaint, and the demurrer admits, that the respondent took a chattel mortgage in 1925 on certain cattle of one O. L. Buchanan. The mortgage was properly filed with the village clerk of Viroqua, where the mortgagor lived at that time. Two years elapsed after the filing of the mortgage

without any renewal as provided by sec. 241.11, Stats. 1925, which reads as follows:

"Section 241.11. Every such mortgage shall cease to be valid, as against the creditors of the person making the same or subsequent purchasers or mortgagees in good faith, after the expiration of two years from the filing of the same or a copy thereof, unless within thirty days next preceding the expiration of the two years the mortgagee, his agent or attorney shall make and annex to the instrument or copy on file in the office of the clerk mentioned in section 241.10, . . . an affidavit setting forth the interest which the mortgagee has by virtue of such mortgage in the property therein mentioned, upon which affidavit the clerk . . . shall indorse the time when the same was filed in his office."

The respondent's chattel mortgage was dated September 25, 1925, and filed September 26, 1925.

On April 20, 1927, Buchanan gave the appellant bank a chattel mortgage covering the same property, which was filed with the village clerk on the same day.

On the 25th of July, 1928, Buchanan gave the appellant bank a second chattel mortgage on the same property for the same debt, which was properly filed July 28, 1928. This second mortgage was foreclosed and appellant took possession of the mortgaged property thereunder.

When the appellant bank took its first chattel mortgage it knew that the mortgage was a second mortgage and that respondent's mortgage had not been satisfied, and subsequently when it took its second mortgage to secure the same debt it knew that respondent's mortgage had not been satisfied. It took the said second mortgage with the intent to defraud the respondent of its security. Said second mortgage was not taken in good faith, but for the sole purpose of defrauding the respondent.

Before the commencement of this action respondent demanded possession of the property covered by its mortgage from the appellant, or payment of the debt secured thereby. Appellant refused to comply with such demand.

This action was brought for conversion of the property covered by respondent's mortgage.

The question here turns on the construction of sec. 241.11. That section is construed in *Graham v. Perry, ante,* p. 211, 228 N. W. 135, decided herewith. In that case it is held that the failure to file a renewal of a chattel mortgage, as provided in sec. 241.11, does not invalidate the lien of the mortgagee except as to creditors subsequent to the expiration day of renewal who shall thereafter secure a lien on the mortgaged property by seizure of such property under execution or attachment, or as to subsequent purchasers or mortgagees of the property in good faith.

Therefore the complaint states a cause of action, and the circuit court properly overruled the demurrer.

*By the Court.*—The order of the circuit court is affirmed.