In re Davis Bros. Stone Company : Nickel, Appellant, vs. Stoltz, Receiver, and others, Respondents.*

*February 16—March 14, 1944.*

---

\* Motion for rehearing denied, without costs, on June 6, 1944.

*Paul E. Bornemann,* attorney, and *Samuil Nissenbaum* of counsel, both of Milwaukee, for the appellant.

For the respondents there were briefs by *Seth Pollard* of Waukesha, attorney for the village of Lannon, *Vincent J. Collins,* acting district attorney of Waukesha county, *W. P. Tichenor* of Waukesha, attorney for Davis Bros. Stone Company, and *Robert J. Stoltz* of West Bend, receiver for Davis Bros. Stone Company, attorneys, and *Martin R. Paulsen* of Milwaukee of counsel, and oral argument by *Mr. Paulsen, Mr. Pollard,* and *Mr. Collins.*

FOWLER, J.    The instant proceedings were instituted upon a petition dated September 12, 1942, presented to the circuit court for Waukesha county by the village of Lannon.    The petition alleged the incorporation of the village; the organizing of Davis Brothers as a corporation under the laws of Wisconsin; its location, ownership of real and personal prop-

erty; its operation of a quarry business in said village, and its cessation of business owing to financial inability to carry it on in 1935; its failure to file its annual report in 1934 as required by sec. 180.08 (2), Stats., and the forfeiture of its right to do business as a corporation by reason of such failure. The petition alleged further that the village had a judgment against the corporation rendered in a suit for collection of personal property taxes, and that execution had been issued thereon and returned unsatisfied; that the corporation had not paid any taxes, real or personal, since 1932; that a tax deed in form had been issued to Waukesha county in November, 1941; that the Hardy-Ryan Abstract Company as trustee under a trust deed had attempted to sell property of the corporation to Herman R. Salen; that the sale was void and passed no title; that it was necessary to appoint a receiver with power to liquidate the property and wind up the affairs of the corporation according to law; and prayed the appointment of a receiver so to do.

On September 14, 1942, the village filed said petition in the circuit court. No summons was served and no one was named therein as a plaintiff or defendant. On September 12th an attorney purporting to act for the corporation signed a written consent to the appointment of a receiver with power as prayed. The court on this petition and consent by order dated September 12th, appointed Robert J. Stoltz as such receiver. The order by its terms purported to authorize the receiver "to take possession of all property and assets" of the corporation and "sell and liquidate same according to law."

On September 12th, a stipulation was signed by the attorneys of the corporation, the attorneys of the village, the attorneys of the county, and the attorney of appellant Nickel, which provided that the receiver might sell and pass title to the real and personal property of the corporation, and that the proceeds of the sale should stand in lieu of the property and

the parties in interest should have the same rights to the proceeds as to the specific property.

On September 12th, a stipulation was also presented in said proceeding which provided that the evidence presented in a certain action in the county court of Waukesha county wherein the said village was plaintiff and Waukesha county, the said corporation, the Hardy-Ryan Abstract Company, and Herman R. Salen were defendants should be deemed incorporated in the record in the instant proceeding, and that the court in the instant proceeding should determine upon such evidence and such other evidence as should be produced the validity of a purported sale theretofore made by the Hardy-Ryan Abstract Company to Salen, and the validity of a purported tax deed to Waukesha county. The stipulation was signed by attorneys representing the village, the county, the corporation, and the appellant herein. The evidence in that action had been taken shortly before but no decision had been rendered.

On this appointment and on September 12th, the receiver presented to the court a request for instructions as to the validity of a purported sale of the personal property of the corporation theretofore made by the Hardy-Ryan Abstract Company as trustee to Herman R. Salen, and as to the validity of a tax deed theretofore executed to the county of Waukesha.

On September 16th the receiver submitted to the court an offer of purchase of the personal property and requested authority to sell pursuant to the offer. The court on September 26, 1942, by order denied the request.

On September 28, 1942, another stipulation was signed providing that the receiver might sell the real and personal property of the corporation, and pass title thereto and the proceeds be held until the court should determine the rights of the parties signing in respect thereto, and that the parties signing should have the same rights to the fund as to the

property. This stipulation was signed by attorneys for the corporation, the village, the county, the appellant Nickel, the Hardy-Ryan Abstract Company, and by the receiver and the purchaser. The court on October 5, 1942, authorized and directed the sale for $12,500 to the purchaser, and such sale was made and the property delivered and conveyed by the receiver.

The court on October 15, 1942, ordered that all creditors file their claims with the court within three months from September 12, 1942, and that notice be given to all creditors of the pendency of the proceedings as required by sec. 128.14, Stats., and to file their claims. Three claims were filed pursuant to this notice,—by Hardy-Ryan Abstract Company as trustee, by Millie Schwock Hack, and Paul Bluhn.

On May 17, 1943, the receiver filed a petition for approval of his account and settlement of his fees. On May 27, 1943, the appellant Nickel moved the court to dismiss the receiver and require him to pay into court all funds collected by him. These motions were returnable on June 7th, but it was agreed that the court would consider the motion to dismiss before acting on the receiver's motion.

The questions argued on these motions were, (1) whether the court had power to appoint the receiver, and (2) whether a sale by the Hardy-Ryan Abstract Company as trustee to Herman R. Salen made prior to the filing of the petition for a receiver was valid. The decision of these questions was announced in a written decision of the court filed July 8, 1943, which purported to decide all matters before it.

Reference was above made to the stipulation of September 12, 1942, that the evidence received in a certain action should be received on the trial of the instant proceeding. That action was pending in the county court of Waukesha county and the circuit judge who decided the

instant matters had been duly called in to try that action and decide it. That action was for a declaratory judgment as to the rights of the village of Lannon on its claim against the corporation for unpaid personal property taxes, which included the claim put in judgment on which execution was returned unsatisfied as set forth in the petition herein; the rights of Waukesha county under a tax deed and for unpaid real-estate taxes in case the deed was held invalid; and the rights of Herman R. Salen under the sale of the personal property of the corporation to him by Hardy-Ryan Abstract Company as trustee under the trust deed. The claims of these parties were all set out by complaint and answer filed in said action. The appellant Nickel was by order of court made a party to said action and adopted as his answer the answer of Salen. Salen by instrument in writing assigned his rights to Nickel and the assignment was expressly made subject to the suit. The pleadings in that suit and the evidence received therein are incorporated in the record herein. The taking of evidence in that suit began August 31, 1942. No formal disposition of that suit by judgment has been made but the case was treated as superseded by the instant proceeding and in effect abandoned. No objection has been made by anybody herein of its pendency as a bar or abatement of this proceeding. The basis of appellant's claim herein is the assignment from Salen. The facts material to the validity of the sale to Salen are as follows:

The Hardy-Ryan Abstract Company was named as trustee in a trust deed executed by the corporation to secure payment of bonds to the amount of $27,000 issued by the corporation. The trust deed described and conveyed both the real estate and personal property of the corporation. It also provided for the execution by the corporation of a chattel mortgage of the personal property of the corporation as additional security

for the payment of the bonds, and such mortgage was executed which described the personal property as described in the trust deed.

After the corporation had failed to file the annual statements required by statute to be filed as condition of its rights to corporate privileges, which is ground for forfeiture of its charter (*Lindsley v. Farmers Exchange Investment Co.* 223 Wis. 565, 271 N. W. 364), and had received statutory notice from the secretary of state that unless it served such statement by January 1, 1935, its corporate rights and privileges would be forfeited; and after the corporation had ceased for seven years to do any business or hold corporate meetings, the Hardy-Ryan Abstract Company as trustee under said trust deed presented to the circuit judge a petition asking permission to sell the personal property of the corporation to Herman R. Salen for $1,000. This petition does not appear to have been filed with the court. No summons was ever served upon or notice given to the county of Waukesha, the village of Lannon, or anybody else of the petition or of the request for sale or of a sale. The circuit judge on such presentment on November 8, 1941, signed an *ex parte* order purporting to be an order of the court purporting to authorize such sale. Pursuant to such purported order the Hardy-Ryan Abstract Company as trustee executed and delivered to Salen a bill of sale describing the personal property of the corporation as it was described in the trust deed and chattel mortgage. No foreclosure action of the trust deed was commenced, nor was the statutory procedure for sale of property under a chattel mortgage followed. The trust deed provided that in case of default in payment of bonds the trustee might sell the property mortgaged at public sale. Salen never took possession of the personal property. His petition recited the giving of the trust deed, default in payment of bonds; described the personal property as described in the deed; stated the ceasing

of existence of the corporation, and that there were no officers or agents on whom to serve summons; voluntary relinquishment of the personal property to the trustee; efforts of the trustee to sell the personal property; Salen's offer to buy for $1,000; that the offer was fair; that many years' taxes on real estate had been left unpaid by the corporation, of which the Hardy-Ryan Abstract Company as trustee had paid over $1,000, but that the trustee was willing to take $100 in satisfaction of its claim for reimbursement and turn over the rest of the purchase price to the bondholders; and that a bondholders' committee approved the sale to Salen.

The court entered judgment herein declaring that the sale to Salen was invalid and the appellant Nickel has no title or claim to the funds in suit; denied the motion of appellant to dismiss the proceeding; declared the tax deed of the county void; approved the receiver's account and ordered the amount received by him on sale of the property, less his fees and expenses, and the fees of the attorneys for the corporation, the village of Lannon, and the county of Waukesha, all fixed by the court, to be paid to the clerk of court; and that of that sum, aggregating $10,474.02, $1,221.10 be paid to Waukesha county and $9,252.92 to the village of Lannon. Nickel, Salen's assignee, appeals from this judgment.

The appellant contends that the circuit court was without jurisdiction because no summons was served or issued and cites *In re Citizens State Bank of Gillette,* 207 Wis. 434, 241 N. W. 339, as so holding. The opinion in that case so states and the statement is correct as applied to the facts of that case wherein an "agreed case" was not submitted to the court. But sec. 269.01, Stats., provides for submission of a controversy on an "agreed case." We consider that the two stipulations signed and filed by the village, the county, and the appellant Nickel constitute an agreed case for determination of the validity of the sale by the Hardy-Ryan

137a

Abstract Company to Salen. *Luebke v. Watertown,* 230 Wis. 512, 515, 516, 284 N. W. 519. As Salen acquired no right to the property of the corporation under the sale, Nickel acquired no right to the avails of the sale, and it is no concern of his that the court awarded those avails to the village and the county or how he divided them between them. And as the controversy submitted as to the validity of the sale to Salen was decided correctly by the court it is no concern of the appellant whether the receiver was legally appointed or not. He is not a creditor of the corporation and not concerned with the distribution of its assets. No one else is appealing, and no other question need or will be considered by the court.

That the circuit judge or the circuit court had no jurisdiction to make the order for sale of the property to Salen is too plain for serious argument. The trust deed, so called, was no more than a mortgage. The Hardy-Ryan Abstract Company as trustee had no more power or authority than any other mortgagee. The deed created no trust such as the circuit court as a court of equity has power to administer; and if it had the order would still be void under the Fourteenth amendment to the constitution of the United States for want of notice to the county of Waukesha which claimed tax liens superior to the lien of the mortgage. The only jurisdiction the court had under the trust deed was to foreclose the trust deed as a mortgage or to sell the property of the corporation under the terms of the trust deed or to take possession of and sell it according to the law governing sales under a chattel mortgage. He did neither. The trust deed only purported to authorize a public sale. And the chattel mortgage had become void for failure of the corporation to file the affidavits required by sec. 241.11, Stats., as essential to keep it valid.

*By the Court.*—The judgment of the circuit court is affirmed.

The following opinion was filed June 6, 1944:

FOWLER, J. (*on motion for rehearing*). There is a motion for rehearing by appellant Nickel who filed a brief in support of his motion. It is such as to merit a reply. None of the respondents has replied. For want of a suitable reply our labors have been greatly increased.

The gravamen of the movant's brief is that the court in its opinion filed made misstatements of fact that formed the basis of its decision. Some misstatements of fact were made but only one of them relates to the basis of the decision, and none of the others bear at all on its merits. We stated, (1) that the chattel mortgage referred to in the opinion conferred power upon the trustee to sell at public sale the property named in the mortgage and thus implied that the mortgage conferred no power to sell at private sale. It does confer power to sell at private sale, upon specified conditions, but as hereinafter stated, those conditions were not complied with. The movant also complains, (2) that a conclusion of law stated or implied from the closing statement of the opinion that failure to file affidavits of renewal of the chattel mortgage rendered the mortgage void. We consider that response to these two contentions should properly be made.

(1) The mistake of fact above noted does not affect the correctness of our decision for the reasons which we will here state with some material facts that do not appear in the opinion filed. The provision of the chattel mortgage is that in case of default the "mortgagee is hereby authorized and empowered . . . to enter into or upon any place where said mortgaged property may be, and take possession of said mortgaged property and convey it away, and after expiration of five days from the time of such seizure of said property to sell and dispose of the same, at public or private sale with or without notice in its discretion." The mortgagee did not comply with

this provision as to taking possession and removing the property, and executed the bill of sale to Salen within two days from the time the void court order pursuant to which the sale was made was signed by the circuit judge. The statute regulating the sale of property under a chattel mortgage in force at the time the mortgage was executed, sec. 241.13 (1), Stats. 1927, provided that "no sale of any personal property taken by virtue of any chattel mortgage . . . except by consent of the mortgagor . . . shall be made before the expiration of five days from the time when the same was actually taken . . . and during such period such property shall be subject to redemption by payment of the mortgage debt." The mortgagor did not consent to the sale to Salen, and as above stated the property was never "actually taken" by the mortgagee and was made two days after the signing by the circuit judge of the order under which the sale was made and by virtue of which Salen in the county court action for a declaratory judgment solely relied in attempting to justify the sale and under which the appellant, by adopting Salen's answer in the county court action as his own, solely attempts here to support his title to the mortgaged chattels. Argument might be made in this connection that the mortgagor's only right in case of sale not in accordance with the statute cited is to redeem the property. This may ordinarily be so. But it is not so where the power of sale given in the mortgage is not complied with (Herman, Chattel Mortgages, sec. 219; *Roarty v. Mitchell,* 7 Gray (Mass.), 243; *Smith v. Provin,* 4 Allen (Mass.); 516, 518; *Simson v. Eckstein,* 22 Cal. 580, 590; *Bradley v. Chester Valley R. R.* 36 Pa. 141), and that power was not complied with here. Nor is it so where no title passes to the purchaser, and no title passed to Salen under the circumstances here present. *Vreeland v. Waddell,* 93 Wis. 107, 111, 67 N. W. 51. The trial court expressly held that under the rule of the *Vreeland Case* the title did not pass. And we think he was fully justi-

fied in so holding. It was held, in effect, in *Kellogg v. Malick,* 125 Wis. 239, 253, 103 N. W. 1116, that a mortgage sale not made in good faith, where unlawful advantage is taken, is void. And in the *Vreeland Case, supra,* the sale was held void under the circumstances there present some of which are here present. The purchaser here, as there, knew that the sale was made in violation of the statute; and here, as there, the mortgagee and the purchaser colluded together to make the sale wrongfully; here the property was sold for a grossly inadequate sum; the mortgagee represented to the circuit judge in getting the order relied upon that $1,000 was all the property was worth that he petitioned for leave to sell; while it is herein stipulated that such property was worth at least $4,000. Salen testified in the county court trial that he examined the property enough before offering to buy so that "he knew what he was doing" and that certain specified items of it were worth in the aggregate $2,900; the president of the Davis Company testified that it was worth $10,000 and that for two items of it that he was authorized to buy for his employer he offered $3,500 to Waukesha county which under a tax deed claimed the items as fixtures. Under all these circumstances we hold that the Salen sale was void and passed no title. The appellant knew the circumstances of the sale to Salen and the value of the property when he bought from Salen and can claim no rights as an innocent purchaser.

Appellant claims that the village cannot attack the validity of the sale to Salen because at the time the sale was made it had no lien upon, and therefore no interest in, the personal property by reason of nonpayment of the personal property tax assessed against the Davis Company. The latter premise is true, as the evidence does not show an execution levy on the property, although the complaint in the action in the county court alleges such levy. But the Davis Company might make such claim, and its receiver succeeds to its rights in that be-

half.  It was stipulated in this proceeding that the court should determine the validity of the purported sale to Salen.  It is by virtue of that stipulation that Nickel is bound by the court's judgment herein.  And the village, admittedly a judgment creditor of the Davis Company for the personal property taxes, is entitled to have the avails of the receiver's sale applied to payment of its claim as against Nickel who is not a creditor of the company.  It is to be noted that the $1,000 paid by Salen never came into the hands of the receiver, or into the hands of the Davis Company at all.  That money, or all but $140 of it which the mortgagee claims, is still in the hands of the Hardy-Ryan Abstract Company, the mortgagee, and whatever rights, if any, Nickel may have to that money as assignee of Salen, is not here involved.  This case as far as Nickel is concerned, only adjudges the invalidity of the sale to Salen and disposes of the funds that came into the hands of the receiver.

(2)  The concluding statement of the opinion filed "And the chattel mortgage had become void for failure of the corporation to file the affidavits required by sec. 241.11, Stats., as essential to keep it valid" is erroneous as matter of law and is withdrawn.  The mortgage remains valid as between mortgagor and mortgagee, and is invalid only as against subsequent creditors who thereafter procure a lien on the property by levy under an execution or attachment, or as to subsequent purchasers in good faith.  *Bank of Viroqua v. First Nat. Bank,* 200 Wis. 224, 228 N. W. 139; *Graham v. Perry,* 200 Wis. 211, 228 N. W. 135.  These cases were cited by appellant in his reply brief and our failure to note them is inexcusable, although it may be said in mitigation that the judgment in the village suit to recover the unpaid personal property taxes was entered May 7, 1941, and the sale to Salen was made November 8, 1941.  Levy on execution obviously might have been made prior to the sale to Salen, and as above stated, the village complaint in the county court action for declaratory

relief alleges that it was in fact so made. However we find in the record a certificate of the clerk of the circuit court that execution was not issued until November 14, 1941, and that return of the execution was never made. Our error does not affect the correctness of the judgment in the instant case that Salen took no title under the sale to him and that movant Nickel, as his assignee, acquired no title or claim upon the fund in the hands of the receiver. He not being a creditor of the corporation is not prejudiced and cannot complain as to the distribution of that fund between the two creditors, county of Waukesha and village of Lannon. One further fact may be here noted that the only creditors of the corporation who filed claims in the receivership proceedings were two owners of two bonds and the Hardy-Ryan Abstract Company, whose claims were based on the bonds the trust deed was executed to secure. As none of the parties but Nickel appealed from the judgment and none filed a motion for review, this court properly refrained from considering the merits of the judgment as between these parties.

*By the Court.*—The motion for rehearing is denied, without costs.