NICKEL, Appellant, vs. SALEN, Respondent.

*April 13—May 11, 1948.*

*Paul E. Bornemann* of Milwaukee, for the appellant.
*Leon L. Brenner* of Waukesha, for the respondent.

FAIRCHILD, J.   Appellant alleges fraud on respondent's part in a transaction resulting in transferring to appellant an interest in certain personal property.   Respondent moved for summary judgment, and it was granted.

Summary judgment is to be granted a defendant where it appears without contradiction that his right thereto is not op-

posed by any just or legal claim and if it then becomes apparent that there is no substantial issue to be tried. It appears from the evidence that appellant could not have been deceived. Since he had no just claim for fraud, the respondent was entitled to summary judgment.

In 1941, the Hardy-Ryan Abstract Company was the trustee of the Davis Bros. Stone Company. In November of that year the circuit court for Waukesha county authorized the Hardy-Ryan Abstract Company, as trustee, to sell to the respondent certain heavy machinery of the stone company for the sum of $1,000. The pertinent parts of that bill of sale are as follows:

"It is expressly understood and agreed that this transfer is made without any warranties whatsoever on the part of the party of the first part as to its title or interest therein, and without any warranties whatsoever as to the existence of any liens or encumbrances thereon, or as to the claims or demands of any other persons thereon."

Shortly after the bill of sale was executed the village of Lannon started a suit for declaratory relief in the county court of Waukesha county to establish title to the machinery that had been sold to the respondent. That action was begun in November, 1941, and the case had not yet been tried when, in April, 1942, the respondent made an assignment of the bill of sale to the appellant for the sum of $2,000. Respondent's assignment to appellant provided in part as follows:

"Whereas, Hardy-Ryan Abstract Company, as trustee . . . by its bill of sale, bearing date the 10th day of November, 1941, which is annexed to this assignment, did, for the consideration therein expressed bargain and sell unto the undersigned, Herman R. Salen, of Waukesha, Wisconsin, the personal property therein set forth, and all its right, title and interest in and to the same. . . . To have and to hold the same to the said Herman R. Salen, his executors, administrators and assigns forever. . . .

"Now, the undersigned, Herman R. Salen, . . . does hereby assign transfer and set over unto Henry Nickel of

Milwaukee, Wisconsin, all of the right, title and interest acquired by said Herman R. Salen in said personal property by said bill of sale aforementioned unto the said Henry Nickel, his executors, administrators and assigns forever.

"It being understood that this assignment is made subject to a suit at law, commenced in the county court of Waukesha county, Wisconsin, by the village of Lannon . . . which said suit the said Henry Nickel undertakes to defend at his own cost and expense from this day forward."

The appellant did defend that lawsuit, which was tried in July, 1942, but for which no judgment was rendered. In September, 1942, a receiver was appointed for the Davis Bros. Stone Company. It was stipulated that the testimony taken in the county court could be used by the circuit court in determining the title to the property. It was there held that the respondent never had acquired any title to the property and that appellant never acquired any rights. That decision was affirmed on appeal to this court in *In re Davis Bros. Stone Co.* (1944) 245 Wis. 130, 13 N. W. (2d) 512, 14 N. W. (2d) 870, where it is said, "That the circuit judge or the circuit court had no jurisdiction to make the order for sale of the property to Salen [respondent] is too plain for serious argument." "As Salen acquired no right to the property of the corporation under the sale, Nickel [appellant] acquired no right to the avails of the sale. . . ." (p. 137a.)

It having thus been determined that appellant had no rights in the property, he now complains that his loss was caused by respondent's fraud. However, it will be seen from the foregoing recital that both parties, appellant and respondent, were equally informed. When respondent first approached the matter he expected to be able to acquire some interest in the property. At least he was willing to invest $1,000 in the chance of his accomplishing that purpose. The appellant became interested, and after the whole affair was laid before him and his attorney, he was willing to buy himself into respondent's position and paid $2,000 for the opportunity.

There is no evidence tending to show fraud or imposition on appellant by respondent. Everything that had been done by the trustee and respondent with respect to respondent's effort to secure the interest of the trustee in this particular property was open for investigation by appellant. Appellant accepted a written assignment of the bill of sale that respondent had received from the Hardy-Ryan Abstract Company as trustee. That bill of sale was without warranties as to title, and the assignment called attention to the pending litigation which challenged the identical title which appellant was seeking to acquire. The defects were as apparent to one as to the other. Neither could expect to acquire valid title to the property without doing more than getting a transfer from the trustee without any warranty, unless the creditors of the original owner slept on their rights. However, there was too much of value involved, and the creditors became active.

The appellant, as it appears from the evidence reviewed, was placed in a position to see the complete situation and all the facts relating to the title to the property. That which was apparent ought to have put him in full possession of the facts. The trial court correctly decided that there was no fraud and that respondent was entitled to summary judgment.

*By the Court.*—Judgment affirmed.